IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

Commencing 17th June, 1830.

---

### MORRIS *vs.* DE WITT.

A *writ of replevin* issued by a *defendant* to obtain a re-deliverance of the property taken from him by virtue of a writ of replevin issued against him is irregular, and will be *superseded* with costs, if the motion be made before the return of the writ, or *set aside* if after return.

Affidavits shewing title in the defendant to the property in question will not be regarded on such motion.

WRIT of replevin. On the 19th May the defendant De Witt June 17th. sued out a writ of replevin against the plaintiff Morris and one Platt, returnable at the July term, to the sheriff of *Schenectady*, commanding him to replevy 350 tons of bog or iron ore. The ore was delivered by the sheriff to the defendant De Witt. On the 27th May the plaintiff Morris sued out two writs of replevin against the defendant, one to the sheriff of *Schenectady*, and the other to the sheriff of *Albany*, to replevy the same ore, by virtue of which the ore was re-delivered to the plaintiff, part by the sheriff of Schenectady and part by the sheriff of Albany. A motion was made to set aside the two last writs; in opposition to which, affidavits were read, shewing title to the property in the plaintiff.

*J. V. N. Yates*, for the motion.

*J. Lovett*, contra.

*By the Court*, SAVAGE, Ch. J. The law has provided guards against abuses in practice under the writ of replevin. By the revised statutes, not only a bond, with sufficient sure-

ALBANY,
June, 1830.

ties must be given, but the plaintiff must make affidavit of his title to the property replevied. The defendant, however, may have the question of property tried before the officer making replevin; and even after a verdict against him, the plaintiff may still claim deliverance of the property by giving further security. Now all this is a very useless proceeding, if the defendant in replevin has a right to turn round and bring his action of replevin, and thus regain possession of the property which has been legally taken from him. If such a proceeding were permitted, there would be no end to suits, and the benefit of this action could never be realized. The title to the property in question must be tried upon an issue regularly joined, and until such trial, the party from whom the property has been taken by due process of law, must remain out of possession, unless it is restored to him upon his claim of property.

The plaintiff has given security for the return of the property, and payment of damages and costs, if return be adjudged. He has sworn that the property is his; if he has sworn falsely he may be punished for perjury. The title to the property cannot be tried upon affidavit; nor can the defendant in replevin obtain possession of it again but in the mode pointed out by the statute. He may make his claim of property before the sheriff; if he does not succeed in that, he must await a trial upon the merits. The writs, however, cannot be set aside as irregularly issued, for they are not returned; but they may be superseded; and a. rule for that purpose is granted, with costs.