*(Recorder's Court of Chicago.)*

## Crangle

### vs.

## Sloucen

(September, 1869.)

1. CONTEMPT—REPLEVIN—TAKING PROPERTY FROM PLAINTIFF. Where a defendant from whom property has been taken under a replevin writ, pending the replevin proceedings, takes the property away from the plaintiff to whom the sheriff has delivered it, he is guilty of a contempt of court.

2. SAME—DEFENSE—AVOIDING PROSECUTION FOR NON-COMPLIANCE WITH PUBLIC RULES—WRIT OF COURT, PROTECTION. The defendant cannot set up in a contempt proceeding for retaking property delivered under a replevin writ that the property is a house which the defendant had been moving in the streets, and that to leave the house would subject him to prosecution for obstructing the public streets contrary to the permit to move which he had received from the board of public works, as the replevin writ being from a court of competent jurisdiction would be a complete defense in such case.

Application for contempt attachment. Heard before Judge Wm. K. McAllister. The facts are stated in the opinion.

McALLISTER, J. :—

This is an application for an attachment to punish the defendant in a civil suit for contempt. On the 29th day of August last, the plaintiff sued out of this court a writ of replevin against defendant for a house then on rollers in the street. The affidavit is sufficient and the usual bond was given to the sheriff, about noon of that day (being Saturday), the writ was executed by the sheriff taking the property from defendant and delivering the same to plaintiff, and serving the writ on defendant. On Sunday night next following, or early Monday morning, the defendant resumed possession of the property and moved on to the lot where he originally intended to take it, and has ever since had the control of it.

And the question arises: Is this a *rescue* of the property specified in the writ, whereby the sheriff was commanded to take this property and deliver it to the plaintiff, so as to constitute the act a contempt of court? The defendant's counsel urge two points of defense.

1st. That the property having been replevied and delivered to the plaintiff, it was thereafter in his custody and not in the custody of the law, and that therefore the only remedy of the plaintiff is by another action as against a trespasser. 2nd. That because defendant had obtained a permit of the board of public works to move the building, he was compelled to complete the removal or be subject to prosecution for obstructing the streets. Upon the first point defendant's counsel cite the case of the *People ex rel. Wilder, Sheriff, etc. v. Church*, 2 Wend. 261. This authority is so far as it applies at all against the defendant. The case was a motion by the sheriff for an attachment against Church who was an imprisoned debtor, on jail limits. Church was exhibiting a gold watch in a bar room to an attorney, boasting of its value. The attorney took it, and handed it to a deputy sheriff present, who had an execution for $150 against Church. The deputy advertised the watch for sale and on the day of sale it was passed around for inspection, when Church snatched it from the hands of a spectator and walked off with it. The court, Marcy, J., says: ''This is not a case in which the court will grant an attachment. An attachment, will issue for a *rescue* on *mesne,* but not on *final* process. The sheriff possessed as much power as the court can give him by the issuing of an attachment. He might have commanded what force he wanted to prevent the carryng off of the watch. Besides he is entitled to his action against the defendant.'' When the court stated that it would not grant an attachment for a rescue under *final* process it meant in such a case as that, where the recovery was for damages, and the court loses jurisdiction of the defendant, by the judgment; but in ejectment where the judgment awards the possession to the plaintiff, it will grant an attachment, for rescue under final process. A writ of replevin however

is *mesne* process. The rescue in this case was not from the sheriff after he had taken the property by the writ, and before the delivery of it to plaintiff; but from the plaintiff himself after it had been delivered to him. The writ has not been returned into court and it not returnable until next month. Then does the rescue from the plaintiff himself constitute a contempt of court? The property was delivered to the plaintiff lawfully, and solely by virtue of the writ; and if he hold it until the determination of the suit he holds it by the writ. He has given bonds for its return if return be awarded, as between the parties to the suit, the property in the hands of the plaintiff was in the custody of the law, and could not have been taken out of his possession, unless the writ had been sued out by him fraudulently, and as a cover to defendant's property even by an execution against defendant, *Rhines v. Phelps*, 8 Ill. (3 Gil.) 455, 464. Neither could the defendant repossess himself of the property, by suing out a writ of replevin for it against the plaintiff. In *Morris v. DeWitt*, 5 Wend. 71, the defendant in a replevin suit caused a writ to be issued in his own behalf for the same property; but the court on motion superseded his writ with costs. The circumstances of the *rescue* being from the plaintiff himself is no answer. In a case of a plaintiff having been put in possession by a writ of possession in ejectment and a rescue made by the defendant, it is not from the officer but the party. In such a case the court will issue an attachment for contempt. And the principle is precisely analogous. In *United States v. Slaymaker*, 4 Wash. C. C. 170,[1] the court says: "For if, after he is put into possession, and the officer has departed, he is again turned out *by the defendant*, he may upon a suggestion, *vice comes non misit breve* obtain an *attachment*, or sue out a new *habere facias possessionem*, so as to regain the possession. If he is turned out by a *stranger* the rule is otherwise, for he is then put to his ejectment or to his writ of forcible entry and detainer; because in the latter case the title never was tried in respect to a stranger." A replevy bond operates as a judgment until

---

[1] Fed. Cas. 16,313.—Ed.

breach of its condition. *Hagan v. Lucas,* 10 Pet. 400. Let us consider what would be the effect upon the rights of the plaintiff, if the court is powerless to protect him in his possession under the writ. This house when severed from the realty is personal property and subject to a writ of replevin; but so soon as it again becomes permanently annexed to realty it ceases to be personal and becomes real property, and therefore beyond the reach of a writ of replevin. *Ogen v. Stock,* 34 Ill. 522. The facts show that it has already been placed upon another lot whether permanently annexed or not is not shown. Suppose it has as it might be, then the plaintiff could not take it either by the same or an *alias* writ. He goes to trial and perchance proves it to be his property and has a recovery accordingly. The property having been taken and delivered to him, he cannot recover the value of the property, but only the damages for being deprived of it from the time of defendant's capture of it in the first instance. He can not add a count in trover in his declaration because the property was found and delivered to him. His only remedy would be if he have any by another action of trespass or trover for this rescue, to recover not the specific property, but damages. Suppose you take a favorite family picture to an artist to be copied, and he refusing to deliver it back, you replevy it; as soon as delivered to you by the officer, the artist seizes it by force, makes off with it, and conceals it. Are you to be thus defeated in gaining possession of that which is of little money value in market, but of incomparable value to you, and put to your action of trover or trespass for damages? But if the article have great intrinsic value, how is it then? The action of replevin is frequently resorted to when property has been wrongfully taken or detained, because the guilty party is insolvent. If he can thus rescue the property and the court is powerless to compel him to restore it, then the writ is wholly useless, a valuable legal right is taken away by a party's own wrongful act and insolvency becomes both a sword and shield.

The second point made by the defendant is wholly untenable. It is a pretext and nothing more. Any good lawyer

would have told him that he could not be held liable for not doing that which he was prevented from doing by the writ of a court having jurisdiction of the subject matter. And it is a singular fact too that he continued to move the house until he got it on the very spot to which he originally intended to convey it. Therefore it is considered by the court that the defendant in receiving the property in question from the plaintiff after it had been delivered to the latter by the sheriff is guilty of a contempt for which it is adjudged that he pay to the plaintiff a fine of one hundred dollars and the costs of this proceeding, and also that the defendant be committed to the Cook county jail until such fine is paid and until he restores to the plaintiff the property rescued.