68       THE PEOPLE *ex rel.* BLUMLE *v.* NEILL *et al.* [Sept. T.

Opinion of the Court.

# THE PEOPLE *ex rel.* Mathias Blumle

### *v.*

## STEWART NEILL *et al.*

1. CONTEMPT — *retaking property replevied.* A party from whose possession personal property has been taken by an officer by virtue of a writ of replevin, is guilty of a contempt of court if he forcibly retakes the possession thereof after the goods have been by the officer delivered to the plaintiff in replevin.

2. SAME — *appeal or writ of error will not lie from an order of discharge.* Proceedings for a contempt of court are on behalf of the people, and in the nature of a criminal proceeding, and an appeal or writ of error on the part of the people will not lie in such case.

WRIT OF ERROR to the Circuit Court of Peoria county ; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. H. W. WELLS, for the plaintiff in error.

Messrs. McCULLOCH, STEVENS & WILSON, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

Mathias Blumle, on October 1, 1873, sued out from the circuit court of Peoria county, a writ of replevin against Stewart Neill, for about two thousand pounds of hops. On the same day the sheriff served and executed the writ and returned the same,

with his indorsement of service, that he had executed the writ by replevying the property, and had placed the same in the possession of the plaintiff, and by reading the writ to the defendant as he was therein commanded, on the 1st day of October, 1873. On October 2, 1873, Blumle made his affidavit that defendant Neill and one Latham A. Wood, a few hours after the said service and replevy of said property, in the night-time of the same day, October 1, forcibly broke into the building where the hops were in his, Blumle's, possession, and retook the same and carried them away. Thereupon an attachment was issued against Neill and Wood for a contempt of court, who afterward, upon making their answers to the interrogatories filed, were discharged. From which order of discharge this writ of error is prosecuted.

The doing of the acts charged does not appear to be denied by the answers, and is attempted to be excused by averring that the property had been previously sold to Wood and belonged to him.

We fail to see why Neill, at least, should not have been adjudged guilty of a contempt, and have been so mulcted as to have made his law-defying act unprofitable, and have effect to deter from the repetition of a like offense.

It is due to the maintenance of the supremacy of the law, the respect which should be yielded to the authority of judicial mandates, and to the importance of upholding the process of courts in full vigor, that writs should not be suffered to be thus thwarted in their effect, with impunity.

But this is a prosecution in behalf of the people, and the proceeding for a contempt is in the nature of a criminal proceeding. *Stuart* v. *The People*, 3 Scam. 395. The people are not allowed an appeal or writ of error in a criminal case. Besides, it is the general rule, that the sole adjudication for contempt, and the punishment thereof, belong exclusively and without interference, to each respective court.

We are of opinion the acquittal of the defendants by the court below must be held to be conclusive. The judgment must be affirmed.                                    *Judgment affirmed.*