# JOHN KNOTT

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. REPLEVIN—*power of court to order restoration of property taken from plaintiff before trial.* Where property is replevied before a justice of the peace, and an appeal taken to the circuit court, if the defendant in replevin and another take the same from the plaintiff and place it beyond his reach, the circuit court will have the rightful power to enter a rule upon them to restore it to the plaintiff, and punish them by fine and imprisonment for disobedience.*

2. PRACTICE—*affidavits too late after rule.* After a party has been ruled to restore property taken by him from a party replevying the same, and has refused to obey the order, and has entered into a recognizance to appear and answer for contempt, it will be too late to present affidavits in respect to the propriety of the rule.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. W. A. PHELPS, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

On January 4, 1876, Loren Love executed and delivered to John Knott and Mary Knott a chattel mortgage upon certain articles of property therein described, to secure the payment of certain notes therein specified, which mortgage contained the usual stipulations for taking possession and selling by the mortgagees on certain contingencies. Some one or more of the contingencies having occurred, as the mortgagees believed, they caused some of the property to be seized, and advertised the same for sale to satisfy the indebtedness. About the 25th of February, 1876, the mortgagor, Love, instituted an action of replevin before a justice of the peace, to regain the possession of the property, and it was delivered to him under the writ of replevin. On the trial before the justice of the peace, had on the 1st day of March, 1876, the magistrate dismissed the suit

---

* See, also, *The People ex rel.* v. *Neill et al.* 74 Ill. 68.

for want of jurisdiction. From this judgment the plaintiff prayed an appeal, and perfected the same on March 3, 1876.

On the morning of the 2d day of March, appellant, with the aid of one John Fogarty, again seized the property, took it out of the possession of Love, and disposed of it in such manner as to place it beyond the reach of Love, or of the officers of the law. The replevin suit being taken to the circuit court by plaintiff's appeal, he, on the 4th day of March, moved the court for a rule upon Fogarty and Knott, to show cause, by the 6th day, why they should not return to the plaintiff the property so seized, which rule was duly served on the parties. No cause having been shown by Fogarty, the court, on the 7th of March, ordered that Fogarty restore the property to Love by Thursday morning, March 9, or, in default thereof, that he be attached for contempt. The order as against Knott was extended to Friday, March 10. On that day Fogarty and Knott appeared and entered a motion to vacate and set aside the orders theretofore made. In support of and against the same, affidavits were read, and the motion denied, and thereupon an order was entered requiring Knott to restore the property to the plaintiff, Love, before Monday morning next, March 13, and Fogarty do the same, or show cause, by the same day, why he should not be attached for contempt of court. On March 13, on plaintiff's motion, the defendant Knott was ruled to show cause by the next day, the 14th, why he should not be attached for contempt, in disobeying the peremptory rule upon him to restore the property. On a further extension of the rule to the 16th, Fogarty and Knott were required, while the court advised in the premises, to enter into recognizances to appear on the 20th, to hear and abide the judgment of the court in the premises.

On the 20th, the defendants filed certain affidavits, which, on motion by plaintiff, the court ordered to be striken from the files, and it then and there appearing to the court that neither of the defendants had complied with the order of the court, by restoring the property to the plaintiff, Love, the court thereupon caused the defendants to be arraigned at the

bar of the court; and they having failed to show any cause why they had not complied with the order of the court in the premises, it was thereupon ordered that the defendants, Fogarty and Knott, be committed to the county jail for the period of twenty days, and that each pay a fine of ten dollars and the costs of the proceedings, and that they stand committed until the fine and costs were paid.

To this order, Knott excepted, and prayed an appeal to this court, which was granted.

The affidavits filed on the 20th were not in order, for appellant had entered into a recognizance to appear on that day to hear and abide the judgment of the court in the premises, the proofs having been taken and closed. Appellant then stood before the court as in contempt of an order which the court had a right to enter. The proofs satisfactorily show, while the action of replevin was pending, appellant, in defiance of that fact, and in contempt of the law, took the property out of the possession of the replevisor, and placed the same beyond the reach of the law, proceedings then pending in which his right so to do was involved, the result of which he, as a law abiding citizen, should have patiently awaited.

We do not see, under the circumstances, that the judgment of the court was improper, or more severe than the nature of the case demanded. The citizen must respect the law, and obey the lawful mandates of a court having competent jurisdiction of the subject, otherwise anarchy and lawlessness will prevail to such an extent, if not checked, as to destroy all government.

The judgment must be affirmed.

*Judgment affirmed.*