DARIUS B. GATES ET AL.

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

LEVY OF EXECUTION—TAKING PROPERTY UNDER ANOTHER WRIT—CONTEMPT OF COURT.—Upon a valid levy of an execution upon the personal property of a defendant, the law invests the sheriff with a special property therein; and if the property is taken from him, he has an action of trespass, trover or replevin against the wrong-doer; but he cannot invoke the summary process by attachment for contempt of court for such taking.

APPEAL from the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed June 17, 1880.

On the 26th day of June, A. D. 1879, an execution was issued out of the Circuit Court of LaSalle county, in favor of George H. Locey, as trustee for Eva Scherzer, and against Charles A. Scherzer, for $9,944.40, damages and costs of suit. This execution was based upon a judgment confessed on said day by Scherzer, the said Eva, the beneficiary therein, being his wife. The sheriff of LaSalle county, R. C. Stevens, received the writ the day of its date, and immediately proceeded and levied the same, as he claims, upon the stock of goods of the defendant, consisting of a general assortment of watches, clocks and jew-

elry.. These goods were not removed by the sheriff from the store where Scherzer carried on his business, but were, as the sheriff alleges, left by him in custody of one A. J. Nichols, who was employed by Scherzer as a jeweler. The back part of the room was also used by one Collins for the purpose of storing musical instruments, and after the alleged levy the room was left open for business purposes upon the part of Nichols and Collins.

This store room was leased by Scherzer of the appellant Gates, for a monthly rent of $62.50, and on the second day of July, six days after the levy by the sheriff, Gates issued his distress warrant for the sum of $125, being rent then due for the two months ending on that day, and delivered the warrant to the appellant Murtha, as his bailiff, for execution. The appellants then went to the store and removed a portion of the goods claimed to have been levied upon by the sheriff.

The sheriff thereupon filed his affidavit and that of the custodian Nichols, in the circuit court, and asked a rule upon appellants to show cause why they should not be punished for a contempt of court, and make return of the goods taken upon the distress warrant.

In answer to the rule entered upon such application, the appellant Gates presented his affidavit, setting forth the above facts regarding his claim for rent, and further alleged that the sheriff had not made any valid levy, in that he had not removed the goods from the demised premises; and further, that the confession of judgment by Scherzer in favor of Locey for the benefit of the wife of Scherzer, was fraudulent, and made to hinder and delay his creditors; and that upon making the levy under the distress warrant, he had caused a copy of the warrant and inventory of the goods taken to be immediately filed in the office of the clerk of the circuit court of said county.

The court, after admitting testimony upon the hearing, tending to contradict the affidavits filed by the appellants, in answer to the rule to show cause, adjudged the respondents to be guilty of a contempt of court; ordered them to make return of the goods to the sheriff, and each respondent to pay one half the costs to be taxed. From these orders of the court the respondents appealed to this court.

Gates v. The People.

Mr. R. D. McDonald, for appellants; that the officer claiming to act as sheriff, it devolves upon him to show that he was an officer *de jure* before he can rightfully hold the property against any but the defendant, cited Schlencker v. Risley, 3 Scam. 483; Outhouse v. Allen, 72 Ill. 529; Gilligan v. Stevens, 4 Bradwell, 401.

The sheriff must recover upon the strength of his own title, not upon the weakness of his adversary's: Davison v. Waldron, 31 Ill. 120.

The proceeding by attachment for contempt, cannot be sustained in this case: People v. Church, 2 Wend. 262; Haines v. Haines, 35 Mich. 138; State v. Stuart, 7 Iowa, 502.

The landlord's lien attaches when the tenant takes possession, and continues until the rent is paid: Drane v. Garretson, 24 Iowa, 352; Acker v. Witherell, 4 Hill, 122; O'Hara v. Jones, 46 Ill 288.

The levy was insufficient: Minor v. Herriford, 25 Ill. 344; Beckman v. Lansing, 3 Wend. 446; Haggerty v. Wilber, 16 Johns. 228; Westervelt v. Pickney, 14 Wend. 123.

The confession of judgment was fraudulent, and the court will not aid the parties in their fraud: Miller v. Marckle, 21 Ill. 152; Nellis v. Clark, 20 Wend. 24; Kerr on Fraud and Mistake, 293; Webster v. Reed, 11 How. 437; Carpenter v. Hart, 5 Cal. 406; Easter v. Minard, 26 Ill. 494.

The sheriff must show the execution was based upon a valid judgment: The People v. Neill, 74 Ill. 68; Johnson v. Holloway, 82 Ill. 334; 2 Grenl. Ev. § 629.

The order committing for contempt is uncertain and void: Albany City Bank v. Schermerhorn, 9 Paige, 371; The People v. Piepenbrink, 12 Chicago Legal News, 41.

Messrs. Locey & Evans, for appellee; that the possession of the sheriff cannot be interfered with, cited Herman on Executions, 246; *In re* Cunningham v. Cent. Law Jour. Sept. 1879.

Goods seized under an execution cannot be distrained for rent: 1 Brown & Hadley's Com. 476; Milliken v. Selge, 6 Hill, 623; Noe v. Gibson, 7 Paige, 513; Union Bank v. Clos-

sey, 11 Johns. 183; Pierce v. Scott, 4 Watts & Serg. 344; 4 Wait's Actions and Defenses, 267.

The landlord's lien extends only to rent due before the levy: Trappan v. Mosie, 18 Johns. 1; Haskins v. Knight, 1 Maule & S. 245.

The court has authority to order return of the goods, and to punish by contempt a failure to comply with the order: Knott v. The People, 83 Ill. 532; The People v. Neill, 74 Ill. 68.

The order of committal was interlocutory, and no appeal will lie: Rev. Stat. Chap. 110, § 68; R. & M. R. R. Co. v. Trust Co. 70 Ill. 249; Gage v. Eich, 56 Ill. 297.

PILLSBURY, P. J. It is insisted by counsel for appellees, that goods taken in execution are in *custodia legis*, and not subject to distraint, and any one interfering with them renders himself subject to the summary proceeding had in this case; and several cases are referred to as sustaining this position. The cases referred to are where a court of equity, in the exercise of its extraordinary jurisdiction, by a judicial order appoints some person as a receiver to take possession of the property involved in the litigation for the purpose of its preservation, until it can be determined in due course of the proceedings who is equitably entitled to the property. The officer thus appointed by the court, and subject to its control in all things relating to the fund or other property placed in his charge by an order authorizing him to take the property preliminary to the final action of the court disposing of it, is necessarily entitled to the protection of the court when his right to retain the property is assailed by any one claiming in opposition to him. Any attempt to take the property from his possession, directly questions the action of the court in the premises, which cannot be allowed to be done in any such collateral manner.

The rule therefore obtains in such cases that any unauthorized interference with the possession of the officer holding property *pendente lite* under order of the court, will be treated as a contempt of court.

Of like character are cases arising under the bankrupt law;

there the assignee takes the property of the bankrupt, and under the supervision of the court retains possession of it, to await a final order of distribution, or disposes of it, holding the proceeds for like purpose, the property itself being at all times under the immediate control of the court.

The like doctrine has been announced where property has been seized upon *mesne* process, as in Knott v. The People, 83 Ill. 532, and People v. Neill, 74 Ill. 68, where it was held that a defendant in replevin was guilty of a contempt of court in rescuing the property from the replevisor after it had been delivered to him under the writ, and was properly so held.

A plaintiff in replevin, by filing the affidavit and bond required by the statute, entitles himself to the possession of the property during the pendency of the suit, and the court is called upon to determine who is the owner of the property, or entitled to its possession, and upon final determination to award its return to the defendant, or adjudge that the plaintiff retain it.

All these cases which hold that the court will interpose in preventing any unauthorized interference with property taken under its orders by summary proceedings for contempt, appear to rest upon the principle that the court is called upon in exercising its jurisdiction concerning the subject-matter of the pending litigation, to make some final adjudication determining the *status* of the property thus placed in its custody under the law, or to make some final disposition of it in accordance with the rights of the parties and the character of the proceedings affecting it. We are unable to find that the rule for the protection of the court's officers by this summary proceeding, has ever been extended to a sheriff taking goods in execution; at least we have been referred to no case thus holding, and it is believed none can be found. Admitting that goods taken in execution are in the custody of the law, to the extent that they cannot be taken on another writ in the hands of another officer, or distrained by the landlord for rent, it does not follow therefrom that they are in custody of the court through its officer appointed for the purpose of seizing them, or that the court is required to interpose summarily its strong arm to prevent a

rescue by one claiming an interest therein adverse to the officer.

An officer levying an execution upon goods is required to reduce the same to his possession, at least so far as the character of the property will permit, and as the law does not recognize that the possession can be in two different officers at the same time, claiming by different writs, the policy of the law forbids that a subsequent writ shall confer authority upon the officer holding it, to deprive one holding the property by a prior lien of the right of prior satisfaction.

Upon a valid levy of an execution upon the personal property of a defendant, the law invests the sheriff with a special property therein, and gives him all the legal remedies necessary to protect his possession under the writ, and to recover damages for any invasion of his rights thereunder. He is made responsible for the proper care of the goods levied upon, to the end that they shall be made available under his writ; if therefore the property is taken from him or his custodian, he has by law the action of trespass, trover, or replevin against the wrong-doer. Garner v. Willis, Breese, 368; and if rescued he can call out the power of the county, if necessary, for the purpose of re-capture. Freeman on Ex. § 270, and authorities cited, People v. Church, 2 Wend. 262.

This last case is directly in point, and the conclusion of the court was that an attachment for contempt will issue for a rescue on *mesne*, but not on final process.

Especially should this rule be sustained where, as in the case at bar, appellant claimed, and with some show of reason, that the sheriff never perfected his levy under the execution by taking such possession of the goods as the law required, to prevent the landlord from distraining the goods of his tenant found upon the premises, and that the confession of judgment was fraudulent and void as to creditors, and he therefore had a right to take the goods upon his distress warrant.

If either of these facts existed, he had a right to levy his distress warrant, and thus obtain satisfaction for rent admitted to be due.

At all events, we are of the opinion that he cannot, by this summary method, be deprived of the right to have such ques-

tions submitted to a jury. The sheriff should have been left in this case to the remedies that the law affords him for his own protection. The judgment of the court below will be reversed.

Judgment reversed.