EMELINE FORD v. JOSEPH H. BUSHOR ET AL.

*Replevin—Right to possession pending suit—Costs.*

Defendant in replevin cannot contest the plaintiff's right to the possession of the property after the plaintiff has given bond and while the suit is pending, nor even after judgment for defendant, so long as the case is pending on *certiorari*.

Costs for continuance were granted the prevailing party, where, owing to the fault of opposing counsel, the case had not been ready for hearing when reached at the preceding term.

Error to Wayne. Submitted June 8. Decided June 14.

CASE. Plaintiff brings error. Reversed.

*Fraser & Gates* for appellant.

*Sylvester Larned* and *S. S. Babcock* for appellees.

COOLEY, J. Ford sued Bushor for a personal injury, and for carrying off and converting to his own use a buggy of which she claimed to be owner. The case made by her evidence was that Bushor had come into possession of her buggy under pretence of a trade with her husband; that she sued out a writ of replevin for it, and it was taken by the officer by virtue of the writ, and delivered to her after she had given the statutory bond; that while having it in her possession she seated herself in it, and Bushor came and ordered her out, and on her refusal to leave, had men to take it and draw her about in it through the streets of

Detroit; that he afterwards had a horse harnessed to it and seated himself in it by her side and drove about against her remonstrance; that she was at the time pregnant, and the abuse she received at the hands of defendant caused a miscarriage resulting in permanent injury. She also showed that the replevin suit resulted in a judgment in her favor.

In defence Bushor was permitted to give evidence tending to show that plaintiff assented to her husband's trade of the buggy with him; and he claimed that this assent estopped her from disputing the husband's authority. Also that the officer who served the writ of replevin did not deliver the buggy to plaintiff, but left it with one Blanchard, from whom defendant replevied it; and that it was after this second writ of replevin that defendant ordered plaintiff out of the buggy and took possession. In submitting his charge to the jury the judge instructed them that if the plaintiff knew of the trade between her husband and Bushor at the time it was made, and assented to it, or led Bushor by her expressions or conduct to believe that the buggy was her husband's, she was bound by the action of her husband; and if under such circumstances she got into the buggy of her own accord, and had an opportunity to get out, but refused, and remained therein against the request of the defendant, then she cannot recover at all for any damage sustained, unless Bushor caused the damage wilfully, intentionally or negligently.

All these rulings were erroneous. They were made upon the baseless assumption that the defendant in a replevin suit, after the plaintiff has given bond, and while the suit is pending, may contest the plaintiff's right to the possession of the property. The statute refutes this assumption; for it awards the possession to the plaintiff in the suit on the sole condition that the bond is given. *Morris v. De Witt* 5 Wend. 71; *Knott v. People* 83 Ill. 532. In *Clark v. West* 23 Mich. 242, the plaintiff's right was held to continue after judgment for defendant and while the case was pending in the circuit court on *certiorari;* for the bond must stand to the defendant in the place of the property until the suit is

finally determined. If it were otherwise there might be two or more suits pending at the same time between the same parties to try the same question; and the requirement of a bond would be absurd.

The judgment obtained by the defendant must be reversed and the cause remanded for a new trial. The plaintiff will recover the costs of this Court, including ten dollars for continuance at the last term.

GRAVES, C. J. and CAMPBELL, J. concurred.