REEVES, ET AL., PLAINTIFFS IN ERROR, v. THE PEOPLE, DEFENDANTS IN ERROR.

1. CONTEMPT PROCEEDINGS—REVIEW OF.

The court upon review of contempt proceedings will limit its inquiry to the jurisdiction of the court below.    If the facts disclosed by the record are sufficient to constitute a contempt, the court had jurisdiction and its orders will not be reviewed for mere errors.

2. CONTEMPT—FACTS CONSTITUTING.

M. intervened in a replevin suit, claiming to be entitled to the property in controversy.    Judgment passed against him as well as the defendant and in favor of the plaintiff.    Knowing the result of the action, he, with the aid of R., clandestinely took the property and removed it without the jurisdiction of the court before its order could be complied with.    *Held,* that such facts constitute a contempt and that the court below had jurisdiction to impose a penalty.

*Error to the County Court of Phillips County.*

Messrs. SMITH & MUNTZING and Mr. J. A. BENTLEY, for plaintiffs in error.

Mr. S. W. JONES, attorney general, and Mr. H. RIDDELL, for defendants in error.

RICHMOND, P. J., delivered the opinion of the court.

This was a proceeding in the name of the people of the state of Colorado against the defendants, Reeves and Meyer,

for contempt.   In the year 1889, Thomas White instituted a suit in replevin in the county court of Phillips county against one James P. Brophy to recover possession of certain described animals.   Brophy left the country without answering the complaint and default was entered against him. Plaintiff in error, Alex. F. Meyer, filed his plea of intervention under the statute, asserting his right to immediate possession of the property by virtue of a chattel mortgage from Brophy duly executed and recorded.   To the plea of intervention an answer was filed by White and a replication to the answer followed.   Under these pleadings the controversy litigated related to Brophy's ownership of the chattels and right to give the mortgage in question.

July 27th, the court rendered judgment that the plaintiff, White, was at the commencement of the action the owner of the property described in his affidavit of replevin, and was entitled to the possession of the same. * * * "It is therefore considered by the court that the plaintiff, Thomas White, do have and recover against Alex. F. Meyer, the intervenor, the costs of said intervention herein expended, and that the said plaintiff, Thomas White, do have possession of the property described in the petition of replevin, and that the said plaintiff do have judgment against James P. Brophy, defendant, for his costs in said replevin action."

It appears by the record that notwithstanding the order and judgment of the court, Meyer and Reeves, on the 30th day of July, 1889, before the property had been turned over to Thomas White as per order of the court, took possession of the property and removed it beyond the jurisdiction of the court.   For this act they were judged in contempt of the court and fined in the sum of $150, besides costs.

It is insisted on behalf of plaintiffs in error that the defendants, Reeves and Meyer, cannot be held for contempt, because, as it is assumed in the argument, the property had been turned over to plaintiff in conformity with the statute and order embraced in the writ, and that, so far as Reeves is concerned, he was in no sense a party to the record and could

not be held for contempt, although he assisted in removing the property beyond the jurisdiction of the court. The plaintiff in error by the record presented to this court has precluded himself from insisting upon the contention that the property had been transferred to the custody of the plaintiff. The record recites that it had not been; it shows that the sheriff still retained the custody of the property under the writ, and that while so in the custody of the sheriff it was removed from the jurisdiction of the court.

We are not warranted in going outside of the record to ascertain what the actual facts in the case were, but are under obligations to accept the record as presented by the plaintiff in error.

This then eliminates from our consideration all questions save and except whether or not the facts presented show that a contempt had been committed. And, if they are sufficient, the court may take jurisdiction and its subsequent orders will not be reviewed for more errors.

In the case of *Knott v. The People*, 83 Ill. 532, it was held that, " Where property is replevied before a justice of the peace, and an appeal taken to the circuit court, if the defendant in replevin and *another* take the same from the plaintiff and place it beyond his reach, the circuit court will have the rightful power to enter a rule upon them to restore it to the plaintiff, and punish them by fine and imprisonment for disobedience."

In the case of *The People ex rel. Blumle v. Neill et al.*, 74 Ill. 68, it was held that, " A party from whose possession personal property has been taken by an officer by virtue of a writ of replevin, is guilty of contempt of court if he forcibly retakes the possession thereof after the goods have been by the officer delivered to the plaintiff in replevin." *Yott v. The People ex rel.*, 91 Ill. 11.

Meyer testifies in his own behalf that he resides in Yuma county; that on the 30th day of July, about four o'clock, with the assistance of Reeves he took the property mentioned in the information from the pasture of W. G. Helland, in the county

of Phillips, as mortgagee under a chattel mortgage executed by Brophy to one Steine and by Steine assigned to Meyer for a valuable consideration; that the notes secured by said mortgage were taken up and a new mortgage given, which was the mortgage litigated in the replevin suit. That he was the owner of the mortgage which had not been released or paid; that the reason that he took the property was that after the court had decided the intervention he filed his appeal bond and a motion for a receiver of the property pending the appeal, which motion was denied, and that he had no other recourse except to take the property under the mortgage and remove it into Yuma county where he might sell it to pay his debt, and that White had given no sufficient bond in the suit and was utterly insolvent. He was therefore afraid he would lose his debt. By his own testimony he admits that his rights as intervenor were passed upon by the court, and admits knowledge of the judgment of the court in favor of plaintiff against him as well as against the defendant. But nevertheless he assumed the right as a protection to himself and in contempt of the judgment of the court, for the purpose of paying his own debt, to clandestinely, by the aid of Reeves, remove the property without the jurisdiction of the court and before the order of the court could be complied with.

We think that the facts as they appear from the record constitute a contempt, and that the court below had jurisdiction to impose a penalty. Beyond this we are not authorized to review the record : *Cooper et al. v. The People ex rel. Wyatt*, 13 Colo. 337.

The judgment must be affirmed.

*Affirmed.*