(10 Misc. Rep. 412.)

RITCHIE v. TALCOTT.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

JUDGMENT—RES JUDICATA.

　　Defendant informed plaintiff, who had purchased goods at auction, that he (defendant) had been induced by fraud to sell the goods to a third person, and it was agreed that a merely formal replevin suit should be brought by defendant for the goods, the entire expense thereof to be paid by defendant. Plaintiff, however, employed counsel, and successfully defended the replevin suit. Held, that plaintiff thereby abandoned the agree-

ment, and could not afterwards recover from defendant damages arising from the fact that the goods were for a long time in possession of the marshal, as such damages were recoverable in a replevin suit.

Appeal from Seventh district court.

Action by John W. Ritchie against James Talcott. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

L. B. Bunnell, for appellant.

John Baptist Marshall, for respondent.

GIEGERICH, J. This action was brought to recover damages alleged to have been sustained by reason of the taking and detention of certain personal property. The answer contains a general denial, and sets up the additional defense of former adjudication. It appears from the uncontradicted evidence in the case that the defendant, Talcott, was a manufacturer of goods, some of which he had sold to one Marco, who in turn sold them at an auction room, from which the plaintiff purchased a portion of them. Defendant's agent and his attorney went in company to the plaintiff, and found that he had some of the goods. They explained to him that the goods had been purchased from them through fraud and deceit by Marco, who had in the middle of the night stripped his store, and carried the stock to an auction room. Plaintiff thereupon said he did not want to keep any goods so purchased, and took them back in his store, and showed them the goods, which they identified. At this point some agreement was made between them, the terms of which are in dispute. The plaintiff claims that they told him "they would replevin the goods, * * * and would see that he had no expense whatever," and "they would replevin the goods, and it would not cost him anything to defend it"; that "they would supply him with counsel," "would see him clear in the matter," "would defend him in every way." On the other hand, Fellows, defendant's employé who had charge of the suspended accounts, and was also a lawyer, and defendant's legal adviser to some extent, and who visited the plaintiff in company with Bunnell, the attorney who had charge of the matter for the purpose of bringing suit, testified that they said to Ritchie that if he were sued for the value of the goods they would defend him, but that they did not promise to employ counsel for him. Bunnell testified that he told Ritchie that "if he would put in no defense to the replevin suit, and let us take our goods, if he was sued for the value of the goods I would defend the action, and save him from responsibility and harm, and, if a judgment was recovered against him, we would see that it was paid." Upon cross-examination Bunnell admitted that he agreed "to furnish him counsel in that action," apparently meaning the proposed replevin suit; also that he said, "You need not hire any attorney to defend that replevin suit," and that he told Ritchie he would send a lawyer to him; and he also admitted that he was surprised when he learned Ritchie had employed a lawyer for himself. Considering the evidence as a whole, it seems

to us that the intention of the parties was that the replevin action was to be merely formal as between Ritchie and Talcott, and that the only real litigation contemplated was some action which might be brought against Ritchie for the price of the goods bought. In the event of such an action they were to furnish him counsel, defend him, pay any judgment which might be recovered, and in every way save him harmless. Bunnell's statements to him that he need not engage any attorney to defend the replevin suit, and that they would furnish him counsel in that action, were not inconsistent with the above interpretation of the agreement, as such statements, in view of all that had been said, must be understood as a promise to furnish an attorney to appear for him as a matter of form in the replevin suit. But the plaintiff herein (defendant in the replevin suit) did not let that suit proceed without putting in a defense. He engaged counsel for himself, and was successful in his defense, the complaint being dismissed, with $10 costs. In taking this course he abandoned the special agreement now sought to be relied upon, and should have proved his damages, including his loss arising from the fact that the goods were in the possession of the marshal until the winter was passed, and had to be sacrificed as unseasonable. Such damages not having been recovered in the former action, the matter has now become res adjudicata, and this action is barred.

The respondent suggests that the action for damages is independent of, and not affected by, the action to determine the title. Such is not the intention of the Code, as we read it. Section 1726, made applicable to district courts by section 1343 of the consolidation act (Laws 1882, c. 410), declares that in an action of replevin "the verdict, report or decision must fix the damages, if any, of the prevailing party." So, too, the undertaking mentioned in section 1699, made applicable to district courts by section 1332 of the consolidation act, is conditioned "for the payment to the defendant of any sum which the judgment awards to him against the plaintiff." The case of McKnight v. Dunlop, 4 Barb. 36, was decided under part 3, c. 8, tit. 12, § 55, 2 Rev. St., which provided as follows:

"The defendant whenever he shall be entitled to a return of the property replevined, instead of taking judgment for such return as above provided, may take judgment for the value of the property replevined; in which case such value shall be assessed by the jury on the trial, or by a writ of inquiry as the case may require. But this section shall not apply to cases where the property replevined has been distrained."

Although this provision is less specific and imperative than the portions of the present Code above quoted, the court said, at page 42:

"Wherever a defendant in a replevin suit is entitled, under the pleadings, to try the title to the property, and, in case he succeeds, is entitled, under such pleadings, to a return of the goods, he is bound to try the title in such suit, and to take a judgment therein for a return or the value of the goods. 2 Rev. St. p. 531, § 55. And he should not be permitted to forego the remedy at hand, and to seek his redress in a cross suit. [Morris v. De Witt] 5 Wend. 71."

Under the present statutes we think the same conclusion follows a fortiori. For these reasons the judgment should be reversed, and judgment absolute for dismissal of the complaint should be directed in favor of the defendant (appellant), with costs.