## EDWARD KEHOE *et al.*

*v.*

## MARY E. ROUNDS.

1. PRACTICE—*restoring lost records under act of* 1872. The act of 1872, providing for the restoration of the record of a suit when destroyed by fire, contemplates that the whole record shall be substantially supplied. The supplying of a copy of the declaration and affidavit in an action of replevin, without any copy of the writ, and the officer's return thereon, is not a compliance with the statute, and does not authorize a judgment by default.

2. REPLEVIN—*affidavit must be sworn to.* In order to sustain a judgment by default in replevin, the affidavit filed in the cause must appear to have been sworn to.

3. SAME—*when damages may be assessed under count in trover.* There is no authority, under the statute, in an action of replevin, to render judgment for the value of the property, as in an action of trover, except where it shall appear, from the officer's return on the writ, that he was unable to obtain it under the writ. The plaintiff's affidavit of that fact will not answer. Where the writ is lost, it should be restored by a copy.

WRIT OF ERROR to the Superior Court of Cook county.

This was an action of replevin, by Mary E. Rounds, against Edward Kehoe, for a piano. The opinion of the court states the facts.

Mr. THOMAS A. MORAN, for the plaintiffs in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It appears, from the record before us, that Mary E. Rounds commenced an action in the Superior Court of Cook county, against the plaintiffs in error, in replevin, to recover the possession of a piano. Service of process was had and the pleadings made up, but, before the cause could be tried on the issue joined, the entire record was destroyed by fire in October, 1871.

On the 11th day of January, 1873, defendant in error obtained leave to supply a substantial copy of the original declaration, which was done. The declaration, as restored, was in the usual form, only there was added a count in trover for the conversion of the property. On the same day she filed what purports to be an affidavit in replevin, in which it is alleged she was the owner of the piano about to be replevied, and all other facts required by the statute to be stated. It was subscribed by her, but if it was ever sworn to, the officer failed to attach his official attestation.

On the same day, the plaintiff in the court below filed another affidavit, in which she declared the declaration and affidavit therewith filed were substantial copies of the original declaration and affidavit which had been destroyed; that the personal property described in the writ, was not and could not be found, as she was informed by the officer who served the writ; and asked that the original cause be reinstated. Thereupon a new writ of replevin was issued, in the form of an original writ, for the recovery of the piano, which was served upon both of the defendants by reading. It was made returnable to the March term of the court. Neither of the defendants appearing, judgment was rendered against them by default, and the court adjudged that the plaintiff should retain the property replevied.

On a subsequent day of the same term the court found the property had not been obtained by the officer who had served the writ. Accordingly the court proceeded to assess the plain-

tiff's damages for its value, under the count in trover, and rendered judgment against the defendants for $240.

It is very clear, the record in the former suit, which had been destroyed, was not restored in the manner prescribed in the act of 1872, nor under any practice known to the common law. The statute contemplates the whole record shall be substantially supplied. This was not done, and no reason is shown why it was not done. There was no effort made to restore the original writ and the sheriff's return.

If the issuing of the new writ could be regarded as the commencement of a new suit, and the declaration and affidavit be treated as original papers filed in the new cause, then there are two reasons, which we think are unanswerable, why this judgment can not be maintained:

*First.* There was, in fact, no affidavit in replevin, and the writ was improvidently issued. What purports to be one was never sworn to, and is really no affidavit in the cause.

*Second.* There is nothing in the record that shows the property to be replevied was not found by the officer. How, then, could the court assess damages for its value, under the count in trover? It does not appear what return the officer made on the original writ—whether he obtained it and delivered it to the plaintiff, or whether he was unable to find it. The fact, plaintiff states, in her affidavit, the officer told her he could not find the property on the original writ, does not relieve the case of the difficulty. That fact could only be made to appear by restoring the officer's return. It was practicable to do this, yet it was not done, and there is absolutely nothing in the record that shows whether the property was obtained. The service upon the last writ is simply by reading, and the officer does not state whether he was able to obtain the property.

There is no authority, under the statute, for the court to render judgment for the value of the property, as in an action of trover, except in cases where it shall appear the officer was

23—69TH ILL.

unable to obtain it on the replevin writ. This fact does not appear in the case, and hence the judgment is unwarranted.

For aught that appears in the record, the plaintiff may have obtained the piano on one writ or the other, and now has a judgment for its value. Indeed, the court first adjudged the plaintiff should retain the property replevied, and afterwards assessed damages for its value, and rendered judgment accordingly.

This was error, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*