# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

SEPTEMBER TERM, 1878.

FRANCIS YOTT

*v.*

THE PEOPLE *ex rel.* Adolph Goldschmidt.

1. REPLEVIN—*power of court to compel defendant to surrender property.* The court from which a writ of replevin issues has no power, in case the officer fails to find the property therein described, to compel the defendant to surrender the property.

2. If the property is taken by the officer on the writ, and the defendant afterwards interferes with its possession or control or forcibly takes the same from the officer or the plaintiff, the court may doubtless enter a rule requiring the restoration of the property, and enforce obedience to such rule by fine and imprisonment, as the property in such case is in the custody of the law.

3. SAME—*defendant obstructing officer.* If a defendant in replevin should impede or obstruct in any manner the process of the court, issued to secure property, or prevent the officer from executing the same, this might afford ground for the imposition of a fine upon him.

4. OFFICER—*duty in respect to writ of replevin.* It is the imperative duty of an officer holding a writ of replevin to execute the same by seizing the property therein named, whenever he can find the same, whether the defendant is disposed to give it up or not.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CHESTER KINNEY, and Mr. EDWARD H. BRACKETT, for the appellant.

Mr. ADOLPH MOSES, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from an order or judgment, rendered in the circuit court of Cook county, wherein appellant, Francis Yott, was fined in the sum of $25, and ordered to be imprisoned in the common jail of Cook county for and during the period of twenty days, for contempt of court, for a failure to obey a certain order made by the court in an action of replevin, wherein Adolph Goldschmidt was plaintiff and Francis Yott defendant.

The writ of replevin was issued on the 2d day of May, 1878, returnable on the 3d Monday of May of the same year, for the recovery of a certain dapple-gray horse. The sheriff made return on the writ in the following words: "Served this writ by reading the same to the within named Francis Yott, and by demanding of him the within described property, which he refused to deliver up to me, on this 2d day of May, 1878."

On the 6th day of May, 1878, the court entered an order in the case, as follows: "On motion of said plaintiff, by his attorney, the said defendant is hereby ruled to deliver to the sheriff of Cook county the property described in the replevin writ issued in said cause, by 10 o'clock in the forenoon of the second day after the date of service of notice of this rule on him."

A copy of the order having been served, the defendant appeared and filed an answer under oath, which, not having been regarded as sufficient, the court rendered the judgment, to reverse which this appeal was taken.

Section 7 of chapter 119, entitled Replevin, (Rev. Stat. 1874, p. 852,) provides that the writ of replevin shall require the sheriff, constable, or other officer to whom it is directed, to take the property (describing it as in the affidavit) from the possession of the defendant, and deliver the same to the plaintiff, and to summon the defendant to answer the plaintiff in the action, or, in case the property or any part thereof is not found and delivered to the sheriff, constable or other officer, to answer the plaintiff for the value of the same.

Section 14 declares, that the sheriff, upon the plaintiff giving bond, shall forthwith execute such writ by seizing and delivering the property to the plaintiff, and by reading the writ to the defendant if he be found.

Section 18 provides, when the property or any part thereof can not be found, and when the writ has been served on the defendant, the plaintiff may declare in trover.

We find no provision of the statute which authorizes the court from which the writ issues, in case the officer fails to find the property described in the writ, to compel, by order, a defendant to surrender the property, nor are we aware of the existence of any law which confers upon the court such extraordinary power. The theory of the statute under which writs of replevin are issued would seem to require the officer who holds the writ, whenever the property can be found, to take it and deliver it over to the plaintiff. Whether the defendant who has possession of the property may feel disposed to give it up or not, is a matter of no consequence. The officer is authorized by the writ, and it is his imperative duty, to sieze the property if it can be found, and deliver it as commanded by the writ. In the event, however, that the property can not be found by the officer, then the writ can be read to the defendant, and the case can proceed as in an action of trover, and the plaintiff can recover the value of the property.

It was doubtless contemplated that in many cases the property might not be found, and hence the necessity for section 18, authorizing the case to proceed as in an action of trover. If,

however, the court in which the writ issued has the power to compel, by an order, the defendant to surrender the property, the enactment of section 18 of the statute was unnecessary, but we do not think the court has such authority. Had this property been taken on the writ of replevin, and had the defendant afterwards interfered with the possession or control of the property, a different question would have arisen. Doubtless the case then would have been within the rule declared in *Knott* v. *The People*, 83 Ill. 532, and *The People* v. *Neill*, 74 id. 68, in which it was held, that where property has been replevied, and afterwards forcibly re-taken by the defendant from the custody of the officer or plaintiff, the court has the right to enter a rule requiring the property to be restored, and punish by fine and ·imprisonment for a failure to obey the order.

When property has been replevied, and the case in which the writ issued is pending and undetermined, the property may be regarded as in the custody of the law, and the court has the right to see that it is not interfered with; but here, the court had no jurisdiction over the property. It had never come into the hands or possession of any officer of the court. Nor did it appear that the defendant impeded or obstructed in any manner the process of the court which had been issued to recover the property. Had this appeared, there might have been some ground for imposing the fine, but such was not the case.

We are, therefore, of opinion the court had no authority to render the judgment and it will be reversed.

*Judgment reversed.*