JULIUS MUSKIN *vs.* LEWIS W. MOULTON.

Cumberland.   Opinion December 18, 1908.

*Replevin Writ.   Officer's Authority.   Trespass.*

The plaintiff had a mortgage on certain goods and chattels given to him by one Tatilbum. This mortgage was duly recorded. One Abraham Lazarovitch, claiming to be the owner of the chattels, sued out a writ of replevin against Tatilbum to recover possession of the goods and chattels. This writ was placed in the hands of the defendant Moulton, a deputy sheriff, for service. By virtue of this writ, the defendant officer took the goods and chattels from Tatilbum and delivered the same to Lazarovitch. The plaintiff gave the defendant officer notice in writing that he claimed the goods and chattels as mortgagee but this notice was not received by the defendant officer until after he had taken the goods and chattels and delivered the same to Lazarovitch. The plaintiff then brought an action of trespass against the defendant officer for taking and carrying away the goods and chattels. The replevin writ under which the goods and chattels were taken contained the following direction. " We command you, that you replevin the goods and chattels following, viz :  .  .  .  .  and them deliver unto the said plaintiff, provided the same are not taken and detained upon mesne process, warrant of distress, or upon execution, as the property of such plaintiff," etc.  *Held:*  (1) That the defendant officer did precisely what the writ enjoined him to do.  (2) That the defendant officer was not liable in trespass to the plaintiff.

On exceptions by plaintiff.   Overruled.

Action of trespass brought in the Superior Court, Cumberland County, against the defendant, a deputy sheriff, for taking and carrying away by virtue of a replevin writ sued out by one Abraham

Lazarovitch against one H. Tatilbum, certain goods and chattels on which the plaintiff had a mortgage given to him by said Tatilbum. This mortgage was duly recorded. Plea, the general issue with a brief statement alleging, in substance, that whatever was done by the defendant in the premises, was done under and by virtue of the aforesaid replevin writ.

Tried at the April term, 1908, of said Superior Court. At the conclusion of the plaintiff's evidence, the presiding Justice ordered a nonsuit and the plaintiff excepted. The plaintiff also excepted to certain other rulings made during the trial.

The case is stated in the opinion.

Note. The aforesaid action of replevin, *Lazarovitch* v. *Tatilbum*, was tried at the April term, 1907, of said Superior Court. The verdict was for the plaintiff and the defendant took the case to the Law Court on motion and exceptions and the same were overruled. See *Lazarovitch* v. *Tatilbum*, 103 Maine, 285.

*Dennis Meaher*, for plaintiff.

*J. A. Connellan, W. A. Connellan, and George S. Murphy*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SPEAR, J. This is an action of trespass. After the evidence was presented, a nonsuit was ordered. The plaintiff had a mortgage on certain personal property dated January 7, 1907. On the 14th of February, 1907, the defendant, a deputy sheriff, replevied the property in question from the mortgagor who then had it in possession. On the same day notice in writing by leaving at the last and usual place of abode was served on the defendant by the plaintiff claiming the property under his mortgage. On the 7th of March the present suit was brought against the officer who had taken the property on the replevin writ. It appears from the evidence that the notice of the plaintiff claiming the property replevied as mortgagee was not received by the defendant until after he had delivered the replevied property into the hands of the plaintiff in the replevin writ. The writ under which the property was taken

contained the following positive direction : "We command you, That you replevin the goods and chattels following, viz : . . . and them deliver unto the said plaintiff, provided the same are not taken and detained upon mesne process, warrant of distress, or upon execution, as the property of such plaintiff," etc. It appears from the evidence and the command of the writ, under which the officer was acting, that he did precisely what the writ enjoined him to do, namely, to replevy the goods and them deliver to the plaintiff. We think the ruling laid down in *State* v. *Swett*, 87 Maine, page 114, that "the law will not compel a man to act, and then punish him for acting," is clearly applicable to the case at bar.

In *Yott* v. *The People*, ex rel., 91 Ill. 11, the court say : "The theory of the statute under which writs of replevin are issued would seem to require the officer who holds the writ, whenever the property can be found, to take it and deliver it over to the plaintiff . . . The officer is authorized by the writ, and it is his imperative duty, to seize the property if it can be found, and deliver it as commanded by the writ." The nonsuit was properly ordered.

The conclusion that the officer is protected by his writ in this particular case is not intended to introduce any innovation upon the well established law governing this class of cases. It is not our purpose to disturb the well settled rule that replevin will not lie against any person not in possession of the goods, either in person or by some agent, when the writ is served. *Ramsdell* v. *Buswell*, 54 Maine, 546. His precept limits him to the goods "now taken and detained" by the defendant. It then follows that he has no authority to take them from the possession of any one else. See *State* v. *Jennings*, 14 Ohio State, 73 ; *Sexton* v. *McDowd*, 38 Mich. 148 ; *Welter* v. *Jacabson*, 7 N. Dak. 32 N. W. 65.

Nor is the conclusion in this case to be regarded as intending in any way to interfere with or modify the relation of the mortgagee to the property mortgaged. The mortgagee's rights rest in contract. It is hardly necessary to say that, neither a replevin suit nor any other form of action, in the end, can operate to impair the obligation of a contract.

If the plaintiff in replevin owned the goods, he had a right to

their possession, no statutory obstacle intervening. The plaintiff claims, however, that the relation of mortgagee, alone, regardless of actual title or right to possession, is sufficient to inhibit replevin by the lawful owner against the mortgagor in possession.

This contention is calculated to lead to the absurd position that A may obtain lawful possession of a chattel belonging to B mortgage it to C who has the mortgage recorded, and thereby prevent an action of replevin to A to secure the possession of his own property. But the actual owner of a chattel, which has been thus mortgaged, has a right to possession of it and can maintain an action of replevin to gain possession. If the actual owner has a right to replevy, then it follows that a party claiming to be owner can pursue the same process, for in neither case can the question of title or right to possession be determined except upon judicial procedure subsequent to the act of replevin. Therefore we hold that the officer who served the writ, under the facts disclosed in the case at bar, is not liable in trespass to the plaintiff, and this is the only question we undertake to decide.

Several exceptions were taken during the trial to the admission and exclusion of testimony, but it is unnecessary to consider them as the evidence offered, excluded or admitted, was entirely immaterial to the decision of the case at bar.

*Exceptions overruled.*