(No. 24766.— ▮▮▮▮▮▮)

THE UNIVERSAL CREDIT COMPANY, Appellee, *vs.* A. E. ANTONSEN, Appellant.

*Opinion filed February 15, 1939.*

SIMON HERR, for appellant.

GOLDMAN, ALLSHOUSE & HEALY, (ROBERT G. DREFFEIN, M. M. LOMAN, and HIRAM T. GILBERT, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Universal Credit Company, a corporation, filed a statement of claim in the municipal court of Chicago alleging that it was entitled to the possession of fourteen automobiles which were being unlawfully detained by the defendants, Antonsen Motor Sales & Service, Inc., and A. E. Antonsen, and prayed for delivery thereof by a writ of replevin. The writ was forthwith issued and served on the defendant A. E. Antonsen, by leaving a copy with his wife at their residence. The return of the bailiff states that demand was made upon her to deliver the possession of the property but that she refused. Thereafter, an appearance was filed on behalf of the defendants, and an order was entered requiring Antonsen to file an affidavit of merits to plaintiff's statement of claim in five days. He did not

comply with this order. Due notice having been given, the plaintiff presented a verified petition to the court to have Antonsen deemed in contempt, in accordance with rule 238H of the municipal court. Antonsen was ruled to answer the petition in two days but failed to do so. The court entered an order finding and adjudging him to be in contempt, and directed that a writ of attachment issue. Subsequently, on the day he was produced in court, leave was granted Antonsen to file his answer denying that he was in contempt. The court again adjudged him to be in contempt and ordered his commitment to the county jail until he should deliver the possession of the property in question to the bailiff of the municipal court. Antonsen has prosecuted an appeal directly to this court.

To obtain a reversal, defendant makes the contentions, among others, that rule 238H violates section 48 of the Municipal Court act; that under rule 238H the remedy afforded in replevin actions conflicts with the Replevin act, and, although his answer did not so aver, that the rule violates the due process clauses of the State and Federal constitutions.

Rule 238H reads as follows: "Whenever the property described in the writ, or any part of such property, is so concealed that it cannot be found by the bailiff, or other officer, he shall, if the plaintiff so requires, make demand upon the defendant for the delivery of the property not so found, and upon such demand being made, it shall be the duty of the defendant, if such property is in his possession or under his control, to comply with such demand and deliver the same to the officer and his failure so to do shall be deemed a contempt of court and may be punished as such accordingly, and the court may enter and enforce all orders necessary to compel the delivery of such property to the officers; Provided, however, that the defendant in any such case may, in the discretion of the court, be permitted to secure redelivery of the property by the giving

of a forthcoming bond as provided by rule 238d, or the court may order the property placed in the custody of a custodian or receiver to be disposed of in accordance with the rights of the parties as determined by the final judgment in the action, or the court may make such other order as the court may deem necessary or proper for the protection of the rights of the parties."

The municipal court of Chicago was created under an amendment to the constitution of the State of Illinois, section 34, article 4, adopted in 1904. This constitutional provision declares that the General Assembly shall have power, subject to the conditions and limitations therein contained to pass any law (local, special or general) providing a scheme or charter of local municipal government for the city of Chicago, and that in case a municipal court shall be created its jurisdiction and practice shall be such as the General Assembly shall prescribe. Section 19 (Ill. Rev. Stat. 1937, chap. 37, par. 374, p. 1034) of the act creating the municipal court for the city of Chicago, approved May 18, 1905, provides: "That until otherwise determined in the manner hereinafter provided, and except as by this act is otherwise prescribed, the practice in the municipal court shall be the same, as near as may be, as that which may from time to time be prescribed by law for similar suits or proceedings in circuit courts. * * * Said municipal court shall be the sole judge of the applicability to the proceedings of said court of the rules of practice prescribed by law for similar cases in the circuit courts and its decisions in respect thereto shall not be subject to review upon appeal or writ of error." Section 20 of the act, as amended in 1931, provides: "That the judges of said municipal court shall have the power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court, or of any portion or portions of said provisions, such rules regulating the practice in said court as they may deem necessary or expedient for the proper ad-

ministration of justice in said court." Rule 238H was adopted conformably to the authority of section 20. Section 48 (Ill. Rev. Stat. 1937, chap. 37, par. 403, p. 1040) provides, in part, that the practice and proceedings in the municipal court, other than the mode of trial and proceedings subsequent to trial, in cases of replevin, "included within the cases of the fourth class mentioned in section two (2) of this act, shall be the same, as near as may be, as that which is now prescribed by law for similar cases in other courts of record," with certain exceptions therein specified.

Section 1 of the act to revise the law in relation to replevin, approved February 9, 1874, (Ill. Rev. Stat. 1937, p. 2611,) provides: "That whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken or shall be wrongfully detained, an action of replevin may be brought for the recovery of such goods or chattels, by the owner or person entitled to their possession, in any court of competent jurisdiction." Section 4 provides that the person bringing such action, "shall, before the writ issues, file with the clerk of the court in which the action is brought, * * * an affidavit showing that the plaintiff in such action is the owner of the property described in the writ and about to be replevied, or that he is then lawfully entitled to the possession thereof, and that the property is wrongfully detained by the defendant." The eighteenth section, as amended in 1935, is as follows: "When the property or any part thereof has not been found or delivered as aforesaid, and the defendant is summoned or enters his appearance, the plaintiff may proceed, under original or amended complaint, as in an action for the wrongful taking and detention of such property or so much thereof as is not found and delivered to the sheriff, constable or other officer, and as to the property not found and delivered, the plaintiff, if he shall recover, shall be

entitled to judgment for the value thereof or his interest therein, and such damages as he shall have sustained by reason of the wrongful taking and detention."

Defendant's answer did not aver, nor does he argue here, that section 48 of the Municipal Court act is unconstitutional, but merely that rule 238H is invalid because it conflicts with the statute. His contention presents a question involving the construction of a statute and not the constitution. Similarly, whether the rule is in conflict with the quoted provisions of the Replevin act is a matter of statutory construction.

There being no constitutional question involved, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*