334

Universal Credit Company, Appellee, v. A. E. Antonsen, Appellant.

Gen. No. 40,701.

Opinion
filed October 3, 1939.  Rehearing denied October 18, 1939.

SIMON HERR, of Chicago, for appellant.

GOLDMAN, ALLSHOUSE & HEALY, of Chicago, for appellee; ROBERT G. DREFFEIN, M. M. LOMAN and HIRAM T. GILBERT, all of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the defendant, Antonsen, from an order finding him guilty of contempt of court for failure to turn over certain automobiles described in a writ of replevin valued at $6,500, and ordering him committed to the county jail until he complied with the order of the court.

February 8, 1938, plaintiff filed its statement of claim in replevin in the municipal court of Chicago to recover 14 automobiles from defendant; the return on this writ shows it was served on defendant but unexecuted as to any of the property sought to be recovered; thereafter the appearance by counsel of defendant was filed and an order was entered upon him to file an affidavit of merits in five days, but none was filed. When the writ was served the bailiff of the municipal court demanded of defendant that he deliver the automobiles described in the writ but defendant refused to do so or to disclose their whereabouts; thereupon plaintiff, upon due notice to defendant's attorney, presented a verified petition to the court to have defendant adjudged in contempt of court in accordance with Rule 238 H of that court; a rule was entered upon defendant to file an answer within two days but no answer was filed.

March 1, 1938, the petition for contempt came on for hearing before the court and after hearing the court entered an order finding that all the automobiles described in the writ were under the control and custody of defendant at the time of the service of the writ and since that time; that although the bailiff at the time of service of the writ demanded possession of the automobiles from defendant he failed and refused to deliver up their possession or any part thereof, and was concealing them so that they could not be found; defendant was thereupon adjudged in contempt of court, a

writ of attachment was issued and defendant was brought before the court.

April 14, 1938, defendant was given leave to file his answer instanter and after a second hearing on the petition and on the answer of defendant the court entered a second order adjudging defendant in contempt of court by authority of Rule 238 H of the municipal court.

Defendant appealed from that order directly to the Supreme Court, asserting among other things that Rule 238 H of the municipal court of Chicago is unconstitutional in that (a) it deprives defendants of liberty and property without due process of law; (b) it is an unlawful usurpation of legislative power, and (c) it permits an unlawful seizure of goods in violation of sec. 6, art. 2, of the constitution of Illinois. The Supreme Court in transferring the case to this court held that no constitutional question was involved; that the only question presented was whether Rule 238 H is invalid because it conflicts with the replevin statute, and that this presents a question involving the construction of the statute and the rule. *Universal Credit Co. v. Antonsen,* 370 Ill. 509.

Rule 238 H is as follows: ''Whenever the property described in the writ, or any part of such property, is so concealed that it cannot be found by the bailiff, or other officer, he shall, if the plaintiff so requires, make demand upon the defendant for the delivery of the property not so found, and upon such demand being made, it shall be the duty of the defendant, if such property is in his possession or under his control, to comply with such demand and deliver the same to the officer and his failure so to do shall be deemed a contempt of court and may be punished as such accordingly, and the court may enter and enforce all orders necessary to compel the delivery of such property to the officers; Provided, however, that the defendant in

any such case may, in the discretion of the court, be permitted to secure redelivery of the property by the giving of a forthcoming bond as provided by Rule 238d, or the court may order the property placed in the custody of a custodian or receiver to be disposed of in accordance with the rights of the parties as determined by the final judgment in the action, or the court may make such other order as the court may deem necessary or proper for the protection of the rights of the parties." The meaning of this rule is not difficult to ascertain. It clearly provides that if the property is in the defendant's possession or under his control and he refuses to deliver the same to the officer, "his failure so to do shall be deemed a contempt of court and may be punished as such accordingly."

Does this rule conflict with the replevin statute? Sec. 18 of the Replevin Act [Ill. Rev. Stat. 1937, ch. 119, par. 18, p. 2613; Jones Ill. Stats. Ann. 109.517] as amended in 1935, is as follows: "When the property or any part thereof has not been found or delivered as aforesaid, and the defendant is summoned or enters his appearance, the plaintiff may proceed, under original or amended complaint, as in an action for the wrongful taking and detention of such property or so much thereof as is not found and delivered to the sheriff, constable or other officer, and as to the property not found and delivered, the plaintiff, if he shall recover, shall be entitled to judgment for the value thereof or his interest therein, and such damages as he shall have sustained by reason of the wrongful taking and detention."

It cannot be said that the provisions of Rule 238 H are in conflict with the provisions of the Replevin Act just quoted. The act provides that where the property has not been found or delivered the plaintiff may proceed in an action for wrongful detention and recover judgment to the value of the property not found. We

have held that where, in a proceeding under the Replevin Act, it is alleged and proven that the defendant maliciously refused to deliver the property he may be imprisoned. *Bird-Sykes Co. v. McNamara*, 252 Ill. App. 262. The rule of the municipal court does not conflict with this but provides that under the same circumstances the defendant may be deemed in contempt. This is in addition to the right granted the plaintiff in the Replevin Act.

Section 20 of the Municipal Court Act gives the judges of that court "power to adopt in addition to" the provisions prescribing the practice, in the municipal court, "such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice in said court." Rule 238 H comes under this provision as an addition to the provisions regulating the practice in actions for the recovery of personal property.

Defendant argues that all rules of court must be subordinate to the general laws of the State, citing *Rozier v. Williams*, 92 Ill. 187, and *Yott v. People*, 91 Ill. 11. Even if this were true, which is not admitted as to municipal court rules, Rule 238 H is not in conflict with the general laws of the State but is an addition to them.

Rule 238 H is not a rule of substantive law. The purpose of the rule is to secure possession of the property for the plaintiff. Section 7 of the Replevin Act prescribes that the writ of replevin shall require the officer to whom it is directed "to take the property . . . from the possession of the defendant, and deliver the same to the plaintiff" unless the defendant executes a bond. The statute gives the right to the defendant to retain the property upon his giving bond double the value of the property and conditioned that the defendant will appear and defend the action and deliver the property in accordance with the order of the court.

Yet defendant's argument seems to be based upon the proposition that the defendant could conceal the property and thus retain it without giving a bond. Rule 238 H provides a method of assisting the officer in the proper execution of the writ. It deals with a matter which is purely a matter of practice.

In *Fleischman v. Walker,* 91 Ill. 318, the term "practice" was defined, "The mode and order of procedure in obtaining compensation for an injury by action or suit in the legally established courts, from the inception of such suit until it ends in the final determination of the court of last resort, is all comprehended in the term 'practice.'" See also to the same effect *City of Chicago v. Williams,* 254 Ill. 360, 364; *People v. Callopy,* 358 Ill. 11, 18; *Funk v. United States,* 290 U. S. 371, 78 L. Ed. 369, 54 Sup. Ct. 212. As we have already noted, section 20 of the Municipal Court Act [Ill. Rev. Stat. 1937, ch. 37, par. 375; Jones Ill. Stats. Ann. 108.045] empowers the judges to adopt rules of practice.

It is not necessary in the instant case to pass upon the question as to whether the municipal court judges have the power to pass rules regulating practice in that court which are contrary to statutory provisions regulating the same matter. We are basing our decision upon the conclusion that the municipal court judges have the power to pass rules of practice touching proceedings for the recovery of personal property in addition to those passed by the legislature.

Where the defendant conceals the property sought to be recovered, the replevin statute gives the plaintiff no remedy except by what is in effect another suit. Section 14 of the Replevin Act allows the defendant to retain the property by giving a forthcoming bond; but why should he give such a bond if all he is required to do to prevent the officer from taking the property is to conceal it? The additional remedy given by Rule

238 H is to discourage defendants in replevin proceedings from concealing the property and disobeying the commands of the court. The judges of the municipal court could reasonably deem the rule necessary and expedient for the proper administration of justice.

The value of the property sought to be recovered exceeds $1,000, and this is a case of the first class. Section 28 of the Municipal Court Act [Ill. Rev. Stat. 1937, ch. 37, par. 383; Jones Ill. Stats. Ann. 108.051] provides that such cases may be commenced and prosecuted in the manner provided by rules of court. Rule 238 H is concerned with the practice in such cases, and the order of the municipal court in favor of plaintiff and finding the defendant in contempt of court is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.