(No. 25493.—

THE UNIVERSAL CREDIT COMPANY, Appellee, *vs.* A. E. ANTONSEN, Appellant.

*Opinion filed June 14, 1940—Rehearing denied October 2, 1940.*

Simon Herr, for appellant.

Goldman, Allshouse & Healy, (Robert G. Dreffein, and M. M. Loman, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellant was found guilty of contempt of the municipal court of Chicago and committed to the county jail for failure to surrender possession of certain automobiles, valued at $6500, and described in a writ of replevin issued

out of that court. The Appellate Court affirmed the order and the cause is here on appeal upon leave granted by this court.

February 8, 1938, appellee brought an action in replevin to recover fourteen automobiles from appellant. Service was had by leaving a copy of the writ with appellant's wife. The return showed no property found. Appellant refused to deliver up any of the automobiles or to disclose their whereabouts. Appellee thereupon presented a verified petition to have appellant adjudged in contempt of that court. A rule was entered upon him to file an answer within two days. A writ of attachment was issued and appellant brought before the court. He was given leave to file his answer instanter. Upon the petition and answer, without taking any testimony, the trial judge adjudged appellant to be in contempt of court by virtue of rule 238h of the municipal court. On a direct appeal to this court it was held that no constitutional question was involved but that the question presented by the record was whether said rule 238h is invalid because it conflicts with the Replevin statute. (*Universal Credit Co.* v. *Antonsen*, 370 Ill. 509.) The cause was transferred to the Appellate Court which affirmed the order of the municipal court.

The sole question here presented is: Does rule 238h of the municipal court conflict with the Replevin statute? Rule 238h is as follows: "Whenever the property described in the writ, or any part of such property, is so concealed that it cannot be found by the bailiff or other officer, he shall, if the plaintiff so requires, make demand upon the defendant for the delivery of the property not so found, and upon such demand being made, it shall be the duty of the defendant, if such property is in his possession or under his control, to comply with such demand and deliver the same to the officer and his failure so to do shall be deemed a contempt of court and may be punished as such accordingly, and the court may enter and enforce all orders neces-

sary to compel the delivery of such property to the officers; Provided, however, that the defendant in any such case may, in the discretion of the court, be permitted to secure re-delivery of the property by the giving of a forthcoming bond as provided by rule 238d, or the court may order the property placed in the custody of a custodian or receiver to be disposed of in accordance with the rights of the parties as determined by the final judgment in the action, or the court may make such other order as the court may deem necessary or proper for the protection of the rights of the parties." The meaning of this rule is not difficult to ascertain. It clearly provides that if the property is in the defendant's possession or under his control and he refuses to deliver the same to the officer, "his failure so to do shall be deemed a contempt of court and may be punished as such accordingly."

Section 18 of the Replevin act as amended in 1935, (Ill. Rev. Stat. 1939, chap. 119, par. 18,) is as follows: "When the property or any part thereof has not been found or delivered as aforesaid, and the defendant is summoned or enters his appearance, the plaintiff may proceed, under original or amended complaint, as in an action for the wrongful taking and detention of such property or so much thereof as is not found and delivered to the sheriff, constable or other officer, and as to the property not found and delivered, the plaintiff, if he shall recover, shall be entitled to judgment for the value thereof or his interest therein, and such damages as he shall have sustained by reason of the wrongful taking and detention."

Appellee, to support the judgment, insists that the municipal court has power to adopt its own rules of practice; that rule 238h of that court is a rule of practice; that practice and procedure are synonymous and that this rule is not one of substantive law. The argument of appellee, in support of its contentions, is based upon the premise that the court had jurisdiction of both the parties and of

the subject matter of the suit. That the municipal court had jurisdiction of appellant and of the dispute constituting the suit, cannot be questioned. But whether it had jurisdiction of the property sought to be taken under the writ is quite another question.

Jurisdiction of the court over the person of the defendant in a replevin proceeding is for the purpose of determining the right of the parties in the lawsuit and the entry of a personal judgment against the defendant in a proper case. The purpose of having the officer take possession of the property is to bring and keep it within the jurisdiction of the court, and to return it to the plaintiff if no bond is given by the defendant.

Jurisdiction of the person is not for the purpose of forcing him to do anything, but if he fails to turn over the property a judgment in trover for the value of the goods may be entered against him. There is nothing in the Replevin act which demands that the defendant turn the property over to the officer under the replevin writ on pain of fine or jail sentence or both if he refuse or fail. The statute contemplates that in such a case the plaintiff may have a money judgment. In such cases possession of the property may be of greatest importance. If, without regard to the merits of the controversy, a plaintiff procures possession by replevin against a defendant unable to give a forthcoming bond, and then dismisses his suit, he may impose on the defendant the onus of getting it back or suing on the replevin bond, though the defendant have ever so good right to the possession of the property.

In subjecting the defendant to contempt, the rule here considered provides to the plaintiff a remedy the Replevin act does not contemplate. True, a defendant may defeat the purpose of the writ by secreting the property and refusing to turn it over to the officer. Nothing in the act prevents it. If such be a weakness in the act, it is a legis-

lative and not a judicial question. A frailty in a statute cannot be remedied by a judicial rule which provides plaintiff a remedy he does not have under the act. In no case, aside from misconduct or contempt of legal court orders, may a party litigant have the benefit of an action for contempt against his adversary unless that remedy is provided by applicable statutes.

Courts have inherent power to punish for contempt, where necessary to maintain the dignity of the court, and such power may be exercised in those cases of refusal to obey legal commands of the court, such as *subpoenas* and the like, but a replevin writ is issued to the court's officer under a statute which does not compel the defendant to turn over the property but, on the other hand, affords alternative relief in case he does not.

The Appellate Court held that the remedy of contempt is one in addition to that given by statute, and this is true; but this fact, it appears to us, demonstrates its illegality rather than its legality. Courts may not legislate by rule. Powers given to the municipal court by the constitutional amendment and sections 8 and 20 of the Municipal Court act, do not include judicial legislation. They empower that court to adopt such rules regulating the practice in said court as it may deem necessary or expedient for the administration of justice, in said court. Rules of practice are thus authorized to carry into effect laws applicable to cases being tried by that court. Such language does not contemplate that statutes, being administered in that court, shall be changed by rules of practice adopted by it. Such would be judicial legislation. Rules of practice are to administer statutes as they are and not to change them.

Appellee's argument in support of its contention that rule 238h is a rule of practice and that practice and procedure are synonymous is not applicable to the case here presented. While it is true, as stated by appellee, that juris-

diction has been stated in many cases to mean jurisdiction of the class of cases to which the particular case belongs, and jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the particular case belongs, jurisdiction in replevin is to try the dispute as to the right to possession of the property, and until the officer to whom the writ is directed obtains possession of the property described in the writ, the court issuing the writ cannot be said to have jurisdiction over the property so as to enforce a writ of replevin by contempt proceedings. It is apparent that the General Assembly realized that in many cases possession of the property may not be obtained by the officer to whom the writ was directed, and service upon the defendant of the writ gave the court jurisdiction of him to enter, in a proper case, judgment in trover against him.

Replevin is a statutory proceeding and must be strictly followed. That a *nisi prius* court does not have jurisdiction to punish a defendant in a replevin suit, where possession of the property sought by the writ is not obtained by the officer to whom the writ is directed, for contempt of court for failure to surrender possession of the property to the officer, was settled in this State in *Yott* v. *People*, 91 Ill. 11, and *Horr* v. *People*, 95 id. 169.

*Yott* v. *People, supra,* is a completely analogous case. In that case, under identical provisions of the Replevin act, the defendant refused to surrender possession of a certain dapple-gray horse. On motion of the plaintiff the court entered an order upon him to deliver it to the sheriff by a certain time therein stated. A copy of the order was served upon the defendant who filed an answer, which was held to be insufficient, and the court found him guilty of contempt, fined him $25 and ordered him confined to the county jail for twenty-five days. In reversing that judgment on appeal, this court said: "We find no provision of the stat-

ute which authorizes the court from which the writ issues, in case the officer fails to find the property described in the writ, to compel, by order, a defendant to surrender the property, nor are we aware of the existence of any law which confers upon the court such extraordinary power. The theory of the statute under which writs of replevin are issued would seem to require the officer who holds the writ, whenever the property can be found, to take it and deliver it over to the plaintiff. Whether the defendant who has possession of the property may feel disposed to give it up or not, is a matter of no consequence. The officer is authorized by the writ, and it is his imperative duty, to seize the property if it can be found, and deliver it as commanded by the writ. In the event, however, that the property can not be found by the officer, then the writ can be read to the defendant, and the case can proceed as in an action of trover, and the plaintiff can recover the value of the property.

"It was doubtless contemplated that in many cases the property might not be found, and hence the necessity for section 18, authorizing the case to proceed as in an action of trover. If, however, the court in which the writ issued has the power to compel, by an order, the defendant to surrender the property, the enactment of section 18 of the statute was unnecessary, but we do not think the court has such authority. Had this property been taken on the writ of replevin, and had the defendant afterwards interfered with the possession or control of the property, a different question would have arisen. Doubtless the case then would have been within the rule declared in *Knott* v. *People,* 83 Ill. 532, and *People* v. *Neill,* 74 id. 68, in which it was held, that where property has been replevied, and afterwards forcibly re-taken by the defendant from the custody of the officer or plaintiff, the court has the right to enter a rule requiring the property to be restored, and punish by fine and imprisonment for a failure to obey the order.

"When property has been replevied, and the case in which the writ issued is pending and undetermined, the property may be regarded as in the custody of the law, and the court has the right to see that it is not interfered with; but here, the court had no jurisdiction over the property. It had never come into the hands or possession of any officer of the court."

In *Horr* v. *People, supra,* a constable refused to deliver the property named in the writ of replevin. On motion of the plaintiff in the replevin suit the circuit court of Cook county entered a rule upon the constable to show cause why he should not be adjudged in contempt. He answered that the property was in the possession of his co-defendant, who was not served, and it was not in his power to deliver. Not complying with the rule within the time specified, the court imposed a fine of $25 and he was committed to jail for twenty-five days. On appeal to this court, in reversing the judgment, this court said: "We know of no law making it the duty of a defendant, in an action of replevin, to assist the officer in the execution of his process. * * * The writ commanded the sheriff to take the property; it did not command the defendants in replevin to deliver the property to the sheriff."

Counsel for appellee argue that the Replevin statute requires that a defendant in a replevin suit is required to turn over the property to the bailiff and to refuse to do so is contemptuous. They cite section 7 of the Replevin act directing the officer to take the property from the defendant and deliver it to the plaintiff unless the former gives a forthcoming bond. This is a direction to the officer serving the writ and nowhere commands the defendant to surrender it. (*Horr* v. *People, supra.*) The act provides what the rights of the parties are where the defendant does not surrender the property. Thus appellee's position is fallacious for two reasons. First, the property is not within the jurisdiction

of the court until the court takes possession through its officer, (*Yott* v. *People, supra,*) although, of course, the cause, arising from the dispute as to right of possession, is. To interfere with the court's possession, is to subject the offender to contempt action. (*Knott* v. *People, supra; People* v. *Neill, supra.*) Possession is an important attribute of personal property and when legally procured may not be wrested from the possessor by contempt proceedings unless the court is authorized by legislative enactment to require its surrender, which authority may be granted only in accord with constitutional rights. Second, the General Assembly has given no such power to courts in replevin actions as it has in cases where the one in possession is an officer of the court, as an executor or administrator. In those cases the property is, in contemplation of law, under the jurisdiction of the court.

Counsel for appellee also argue that, even though this be so, appellant was in contempt for refusing to disclose to the court, when asked to do so by it, the whereabouts of the property involved. It is a sufficient answer to this argument to say that as the court lacked power to cite appellant for contempt, he was not in contempt for refusing to answer the court's questions as to the location of the property. A rule of court cannot confer jurisdiction and rule 238h is judicial legislation and of no effect.

The municipal court erred in finding appellant in contempt of court and the Appellate Court erred in affirming the judgment entered on that finding.

The judgments of the Appellate Court and the municipal court are reversed.                     *Judgments reversed.*