Albert J. Horan, Bailiff, for use of Brady Transfer and Storage Company, Appellee, v. Henry Ruter et al., Appellants.

## Gen. No. 42,849.

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed February 28, 1944. Rehearing denied March 15, 1944.

David I. Lipman, of Chicago, for appellants; Clyde C. Fisher, of Chicago, of counsel.

Wetten, Pegler & Dale, of Chicago, for appellee; Milton Gerwin, of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

In an action filed in the municipal court, June 27, 1941, wherein Horan, as bailiff for the use of the Brady Transfer & Storage Company, sought to recover from the four defendants on a forthcoming bond executed June 22, 1940, for the sum of $1,000, upon trial by jury there was a verdict for plaintiff in the sum of $750. The defendants made motions for a new trial in arrest of judgment and for judgment notwithstanding the verdict. Plaintiff remitted $224 from the verdict, whereupon the court denied these motions and ordered judgment on the verdict in favor of plaintiff and against defendants in the sum of $526, from which the defendants have appealed.

A copy of the bond sued on is attached to the statement of claim. From this and other evidence it appears that Everett Dumm sometime prior to May 15, 1940, purchased from the Brady Transfer & Storage Company, under a conditional contract of sale, a secondhand Fruehauf trailer, Model No. 623, Reefer body, Serial No. G3997; that he defaulted in making payment and that the Brady company, about April 24, 1940, sued out a writ of replevin in the municipal court to recover the trailer with damages for its detention; that the writ was returned, served personally on Everett Dumm, with statement that he refused to turn over the property.

The cause was tried by a jury with a verdict that the right of property and possession of the trailer was in the plaintiff and judgment was entered on the verdict with one cent for damages.

An order of *retorno habendo* was then entered by the municipal court and a writ to that effect directed to be issued to the bailiff to cause the trailer to be taken from the possession of defendant and delivered to the plaintiff. The writ issued to the plaintiff and was returned by him "No property found and no part satisfied." The return was made August 11, 1941. The Brady company then filed a petition in the municipal court of Chicago on April 4, 1941, in which it recited the prior proceedings, including the fact that the plaintiff had filed his bond at the beginning of the suit for $2,000, as required by statute, the service of the writ of replevin on Everett Dumm by the bailiff on April 30, 1940, the refusal by him to surrender the property, the filing of appearance by the defendants on May 6, 1940, the filing on May 27, 1940, of a petition for a rule on defendants to turn over the property to the bailiff or post a forthcoming bond with him, the filing of an answer by defendants, a hearing on the same before the court on June 13, 1940, and an order entered thereon, granting the prayer of the petitioner, as follows:

"This cause coming on to be heard on the petition of the plaintiff for a rule on the defendant, Everett Dumm, to show cause and on the answer of the said defendant heretofore filed herein and the Court having heard the arguments of counsel and being sufficiently advised in the premises;

"It Is Hereby Ordered that the defendant Everett Dumm deliver to the plaintiff herein or to the bailiff of the Municipal Court of Chicago, One certain Fruehauf trailer, Model 623, Reefer Body, Serial No. G-39997, or post with the bailiff a forthcoming bond in twice the amount of the bond heretofore filed by plaintiff herein within 10 days from the date hereof.

"Enter: This 13 day of June, 1940.

Sullivan, Judge."

Thereafter defendants filed the bond sued on in this case, which is attached to plaintiff's statement of claim and is as follows:

"Know all men by these presents:

"That I, Everett Dumm as Principal, Alma Dumm, Henry Ruter and Dora Ruter, as Surety are held and firmly bound unto Albert J. Horan, Bailiff of the Municipal Court of Chicago, in the State of Illinois, and to his successors in office, executors, administrator and assigns, in the penal sum of One Thousand Dollars, lawful money of the United States, for the payment of which sum we do hereby jointly, and severally bind ourselves, our heirs, executors, administrators, successors and assigns.

"The condition of this obligation is such, That whereas, on the 24th day of April, A. D. Nineteen Hundred and Forty, Brady Transfer & Storage Co., a corporation, is Plaintiff, sued out of the Municipal Court of Chicago, a Writ of Replevin against Everett Dumm, Defendant, for the recovery of the following goods and chattels, property, to-wit:

"One Fruehauf trailer, Model 623, Reefer Body, Serial No. G-3997.

"And whereas, the said Everett Dumm Defendant is desirous of retaining the said property in his possession according to the provisions of the Statute in such case made and provided.

"Now, if the said Everett Dumm, Defendant, will appear in and defend the said action, and will deliver such property in accordance with the order of the Court in as good condition as it was when the said action was commenced and if the said Defendant will pay all costs and damages that may be adjudged against him in such action, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals this 22nd day of June, A. D. 1940.

|  | Everett Dumm (Seal) E. D. |
|  | Alma Dumm (Seal) |
| H. R. | Henry Ruter (Seal) |
| D. R. | Dora Ruter (Seal) |

Attorney for Defendants."

This bond was given pursuant to Rule 238H, since known as Rule 71, of the municipal court of Chicago, which provided as follows:

"Whenever the property described in a writ of replevin, or any part of such property, is so concealed that it cannot be found by the bailiff or other officer, the bailiff shall, if the plaintiff so requires, make demand upon the defendant for the delivery of the property not so found and, upon such demand being made, it shall be the duty of the defendant, if such property is in his possession or under his control, to comply with such demand and deliver the same to the officer.

"A failure of the defendant so to do shall be deemed a contempt of Court and may be punished as such accordingly, and the Court may enter and enforce all orders necessary to compel the delivery of such property to the officer; Provided, however, that the defendant in any such case may, in the discretion of the Court, be permitted to secure redelivery of the property by the giving of a forthcoming bond, or the court may order the property placed in the custody of a custodian or receiver to be disposed of in accordance with the rights of the parties as determined by the final judgment in the action, or the Court may make such other order as the Court may deem necessary or proper for the protection of the rights of the parties."

The statement of claim alleged and evidence which the jury believed justified the finding of the jury that Everett Dumm did not return the trailer to the plain-

tiff without delay. On the contrary he either removed or permitted it to be removed from Chicago, Illinois, in the jurisdiction of the municipal court, to St. Louis, Missouri, outside of the jurisdiction of the court. There was also evidence tending to show that the goods and chattels were not in good condition when same was returned, which, as the evidence indicated, was on June 7, 1941, when an unknown person, who had received possession of the trailer in St. Louis, delivered the same to the Brady Transfer & Storage Company in Chicago, demanding and receiving $85 as the expense for taking it from St. Louis to Chicago. The plaintiff also gave evidence tending to show that as a matter of fact, there was a total expense in repairing the trailer of $526.25.

On the trial Everett Dumm testified that the last time he saw the trailer was about the first of May 1940, and that it was then on the lot of the Nixon Oil Company at 509 South Broadway, St. Louis. He said that he was using it at that time and was working for the Packers Transport Company, and this Nixon lot was the place where the trucks were kept; that he had parked it there where he could see it two or three times a week and take care of it.

There was quite conflicting evidence given on the trial as to the condition of the trailer, the necessity for repairing it, etc. It seems to have been taken from the Nixon lot on a replevin writ sued out in a justice court in St. Louis about May 15, 1941, by the Fruehauf Trailer Company, who claimed to be the owner of it, and someone evidently representing the Fruehauf Trailer Company delivered the trailer to the plaintiff, Brady Transfer & Storage Company in Chicago.

However, the question as to who was responsible for the condition of the trailer and what its actual condition was, etc., is rendered, as we understand it, unimportant by a decision of the Supreme Court of Illinois, under which we must hold that the forthcoming bond

given by these defendants was wholly void, since the municipal court was without jurisdiction to order it given and the bailiff or any other officer of the court without authority to take it. In the case of *Universal Credit Co. v. Antonsen*, 374 Ill. 194, in which the opinion was filed June 14, 1940, reversing the judgment of this court in the same case, 301 Ill. App. 334, the Supreme Court held this rule adopted by the municipal court of Chicago to be invalid and void as an invasion by the court of the powers of the legislature. In that particular case it appeared the appellant was found guilty of contempt and committed to the county jail for failure to surrender possession of automobiles valued at $6,500 and described in a writ of replevin sued out of the municipal court. The Appellate Court affirmed the order. It had been held on a direct appeal to the Supreme Court that that court had no jurisdiction; that no constitutional question was involved, but that the question presented by the record was whether this rule was invalid as conflicting with the replevin statute. (*Universal Credit Co. v. Antonsen*, 370 Ill. 509.) The cause was transferred to the Appellate Court, which affirmed the order of the municipal court. That court then granted *certiorari* from the judgment of the Appellate Court, and in its opinion said:

"The sole question here presented is: Does rule 238h of the municipal court conflict with the Replevin statute?"

Then quoting the rule, as we have heretofore recited it, the court said in substance that the municipal court was without jurisdiction to make it and that the rule was invalid and void. 374 Ill. 194.

The brief of the plaintiff here goes on to argue at length with reference to the duty of the defendant with reference to the trailer. We do not question the propositions of law suggested by it in this respect. The defendant in the replevin suit is not the only litigant be-

fore this court. Three other persons signed this bond with him. They also are defendants. The Supreme Court has held that the municipal court was wholly without jurisdiction to compel this bond by proceedings of contempt. That it was obtained in this manner there can be no question on this record. The bond was therefore invalid, and there could be no recovery on it. This defense was set up in the trial, overruled, and must here be sustained in conformity with the law as adopted by the Supreme Court.

The judgment of the municipal court of Chicago is reversed.

*Reversed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.