**Donald O'Toole, Appellant and Cross Appellee, v. Klimek Boat and Engine Works. et al., Defendants Below, Klimek Boat and Engine Works, et al., Appellees and Cross Appellants.**

**Gen. No. 47,740.**

First District, Second Division.

January 19, 1960.

Released for publication February 23, 1960.

 

McKeown, Trussell, and Boland, of Chicago (Raymond J. Boland and Edward P. McKeown, of counsel) for plaintiff-appellant.

Appel and Oosterbaan, of Chicago (Peter D. Oosterbaan and Peter T. Appel, of counsel) for defendants-appellees.

JUSTICE BURMAN delivered the opinion of the court.

Plaintiff sued out a writ of replevin to recover certain goods and chattels. Defendant retained possession by posting a forthcoming bond. In an ex parte hearing, before answer was filed, the trial court found defendant guilty and the right of possession of the property in question in the plaintiff and assessed damages in the sum of $2500 and costs against the defendant.

Judgment order was entered July 1, 1958. Defendant's first motion to vacate this judgment, made within thirty days after its entry, was denied by the same judge on October 9, 1958. That judge died thereafter and on January 5, 1959, another judge entered

an order finding the judgment of July 1, 1958 to be void. Plaintiff appealed from this order and defendant cross appealed from the judgment order of October 9th.

The complaint alleges that the goods and chattels described were unlawfully detained by defendant and that plaintiff was lawfully entitled to possession; that the value of the property does not exceed $2500; and in case the property or some part thereof shall not be delivered to the sheriff under the writ of replevin the plaintiff will claim the value thereof which he believes to be $2500. The sheriff's return indicates that the property had been found and the defendant has posted a forthcoming bond in conformity with Sec. 14 of the Replevin Act (Ill. Rev. Stat. 1957, Ch. 119), which provides in part, as follows:

"The officer serving such writ having taken the property or any part thereof shall forthwith deliver such property to the plaintiff unless the defendant executes a bond and security approved by such officer, before such property is actually delivered to the plaintiff. Such bond shall be given in an amount double the value of such property and conditioned that the defendant will appear in and defend the action, and will deliver such property in accordance with the order of the court, in as good condition as it was when the action was commenced, and that the defendant will pay all costs and damages that may be adjudged against him in such action."

In Sec. 23 of the same Act, it provides:

"If judgment is given for the plaintiff in replevin, he shall recover damages for the detention of the property while the same was wrongfully detained by the defendant."

As plaintiff states, the forthcoming bond stands in place of the property and does not affect his rights to the property or its reasonable value. (Horan v.

Continental Casualty Co., 324 Ill. App. 525.) Plaintiff's rights, except his right to possession pending the outcome of the litigation, are the same as they would be if defendants had filed no forthcoming bond and the sheriff had maintained custody of the property. Plaintiff here may recover the reasonable value of the property just as the plaintiff in the Horan case did, by suing for breach of the forthcoming bond if defendants fail to deliver the property in accordance with an order of the court.

██ ██ While it is the rule that all presumptions are in favor of the validity of the judgment it is also established that a judgment rendered without jurisdiction is void and may be attacked collaterally in any proceeding in which its validity may be questioned. (Follansbee v. Scottish-American Mortg. Co., 7 Ill. App. 486.) (Armstrong v. Obucino, 300 Ill. 140.) If the original judgment therefor was void for want of jurisdiction the order of January 5th was proper. This poses the real question in the case.

 Replevin is a statutory proceeding and must be strictly followed. (Universal Credit Co. v. Antonsen, 374 Ill. 194.) At common law courts could not award damages for the value of the property in a replevin suit but would issue a writ of retorno habendo for the return of the property if the court found the issues for the plaintiff. (46 Am. Jur., Replevin, Sec. 122.) The remedy was inconsistent with that of trover, since it was based on a plaintiff's right to possession while trover treats title as in the defendant, and a litigant who elects to pursue one of these remedies waives the other. See National Surety Co. v. Odle, 40 S.W.2d 876 (Tex. Civ. App.); Equitable Trust Co. of New York v. Connecticut Brass & Mfg. Corporation, 290 F. 712 (C.C.A.2). In Illinois as in most states, replevin is now a wholly statutory

114

action. Ill. Rev. Stat. 1957, Ch. 119; 46 Am. Jur., Replevin, Sec. 3.

■ There is no authority under the statute to render judgment for the value of the property in a replevin action where the writ has been returned "property found." If the legislature had so intended it would have so stated. (Kehoe v. Rounds, 69 Ill. 351.) Ill. Rev. Stat. 1957, Sec. 18, provides that when "property is not found" the plaintiff shall be entitled to "Judgment for the value thereof" or his interest therein; and such damages as he shall have sustained by reason of the wrongful taking and detention.

We find that the judgment entered on July 1, 1958 is void in that it transcended the statutory authority specifically given and was directly contrary to the statute. (Kehoe v. Rounds, 69 Ill. 351.) Both parties raise several additional arguments based upon these and other facts, but in view of our disposition of this case we do not deem it necessary to consider the other contentions made.

For the reasons stated above, we hold that the court did not err in granting defendant's second motion to vacate this judgment, and the order is therefore confirmed. Because of our disposition of this appeal, defendant's cross appeal has become moot and is dismissed.

Affirmed.

MURPHY, P. J. and KILEY, J., concur.