JIM'S FURNITURE MART, INC., Plaintiff-Appellant, *v.* DONETTA PEETE HARRIS, Defendant-Appellee.

Fourth District   No. 13273

Opinion filed September 23, 1976.—Rehearing denied November 5, 1976.

John E. Maloney, of Urbana, for appellant.

No appearance for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Jim's Furniture Mart, filed a complaint in replevin seeking the return of several items of furniture purchased under a retail installment contract. Plaintiff requested that the property be returned to it and that defendant be ordered to pay costs and attorneys fees and any deficiency after sale. Plaintiff did not seek a writ of replevin and did not post a replevin bond. Defendant was notified through substitute service by mailing but no answer or other pleading by defendant was filed and defendant made no appearance. After hearing evidence, the trial court took the cause under advisement, then issued an order stating that the

plaintiff was not entitled to the relief sought and entered judgment for the defendant. Plaintiff appeals from that judgment.

Replevin is an action whereby the owner or person entitled to the possession of goods or chattels may recover those goods or chattels from one who has wrongfully distrained or taken or who wrongfully detains such goods or chattels. In Illinois, the extent and scope of an action in replevin are governed by statute (Ill. Rev. Stat. 1975, ch. 119, par. 1 *et seq.*). *General Motors Acceptance Corp. v. Vaughn* (1935), 358 Ill. 541, 193 N.E. 483; *Larson v. Mobile Home Finance Co.* (1967), 83 Ill. App. 2d 210, 226 N.E.2d 882.

Under the statutory procedure, the action in replevin is commenced by filing a verified complaint. The defendant is then given 5 days' written notice of a preliminary hearing on the issuance of the writ of replevin. If the plaintiff can establish a prima facie case to a superior right to possession and can demonstrate the probability that he will ultimately prevail in a trial on the merits, then the court issues a writ of replevin which directs the sheriff to seize the property and deliver it to the plaintiff. Before the sheriff can execute the writ, the plaintiff or someone on his behalf must post a replevin bond in double the value of the property. The sheriff then executes the writ unless the defendant posts a forthcoming bond in the same amount as the plaintiff. The court then holds a trial on the merits of the claim and enters a final judgment.

■■ In this case, plaintiff requested that defendant be ordered to pay costs, attorneys fees, and any deficiencies after sale of the property. The replevin statute makes no provision for payment of attorneys fees or for awarding a money judgment for deficiency after sale of the replevied property. Plaintiff also requested "that such property be returned to plaintiff * * *." Plaintiff did not request the court to issue a writ of replevin and contends on appeal that such a writ is not required if the plaintiff does not seek to repossess the disputed property prior to judgment.

In *Universal Credit v. Antonsen* (1940), 374 Ill. 194, 29 N.E.2d 96, the defendant was convicted of contempt for failure to cooperate with the sheriff who served a writ of replevin. The court reversed that conviction, stating, "Jurisdiction of the court over the person of the defendant in a replevin proceeding is for the purpose of determining the right of the parties in the lawsuit and the entry of a personal judgment against the defendant in a proper case * * *. Jurisdiction of the person is not for the purpose of forcing him to do anything * * *." 374 Ill. 194, 198, 29 N.E.2d 96, 98.

■■ Thus, in a replevin action the court could not order the defendant to return the property to the plaintiff. The court, however, can issue a writ of replevin which directs the sheriff or other officer to seize the property

and deliver it to the plaintiff. Although *prejudgment* seizure of the property is not required to maintain a replevin action (*Harris-Intertype Corp. v. Donley Bindery Corp.* (1975), 26 Ill. App. 3d 140, 324 N.E.2d 668), under the replevin statute, the only method by which the court can return the property to the plaintiff is to issue a writ of replevin.

In Illinois, replevin is strictly a statutory proceeding and the requirements of the statute must be followed precisely. (*Blum v. City of Chicago* (1970), 126 Ill. App. 2d 228, 261 N.E.2d 457; *O'Toole v. Klimek Boat & Engine Works* (1960), 24 Ill. App. 2d 111, 164 N.E.2d 253.) If plaintiff seeks to recover the property itself through an action in replevin, then he must comply with the requirements of the statute governing replevin. Where the legislature has enacted a statute which provides a particular remedy and procedure, this court should not enlarge that remedy. In that case, plaintiff did not request a writ of replevin and the court could not order defendant to return the property to plaintiff. Therefore, the trial court's determination that plaintiff was not entitled to the relief sought was correct.

■■ The plaintiff also contends that a replevin bond is not required if the plaintiff does not seek to repossess the property until after judgment. The statute provides that the replevin bond is conditioned that the plaintiff prosecute the suit without delay, return the property to the defendant or third party if so ordered, and protect the sheriff or other officer from suit for wrongfully replevying the property. If a plaintiff does not repossess the goods until after judgment, the necessity for a bond is not as great because the plaintiff has prosecuted the suit and the trial court has made a final determination of the claim. Thus, plaintiff's contention that a bond should not be required under such circumstances is not without logic.

■■ As we stated earlier, replevin is strictly a statutory proceeding. The replevin statute provides that "Before the execution of any writ of replevin, the plaintiff or some one else on his behalf shall give to the sheriff or other officer a bond * * *." (Ill. Rev. Stat. 1975, ch. 119, par. 10.) Another provision states, "Upon the bond being given the sheriff or other officer shall forthwith execute such writ * * *." (Par. 14.) While the bond is not a prerequisite to issuance of the writ of replevin, the bond must be posted before the writ can be executed. Thus, even if the plaintiff does not seek to execute the writ until after judgment, he must post the replevin bond before the writ can be executed.

For these reasons, the decision of the trial court is affirmed.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.